UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LAURENCE DE LEON LOMAZ, | ) | CASE NO. 5:03CV2609 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE GAUGHAN |
| v. | ) | |
| | ) | |
| OHIO DEPARTMENT OF COMMERCE, | ) | **THE HUNTINGTON NATIONAL** |
| DIVISION OF STATE FIRE MARSHAL, *et* | ) | **BANK'S ANSWER AND** |
| *al.,* | ) | **COUNTERCLAIM TO FIRST** |
| Defendants. | ) | **AMENDED COMPLAINT** |

Now comes Defendant, The Huntington National Bank ("HNB"), by its undersigned counsel and for its answer and counterclaim to Plaintiff's First Amended Complaint (the "Amended Complaint") states as follows:

1. In response to the allegations contained in paragraph 1 of the Amended Complaint, HNB says that it is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same for want of knowledge.

2. HNB admits the allegations contained in paragraph 2 of the Amended Complaint, that it is a bank organized under the laws of the United States with its main office in Columbus, Ohio. HNB also admits that it does business in Portage County, Ohio. To the extent that the remainder of the allegations contained in paragraph 2 of the Amended Complaint require HNB to render legal conclusions, HNB states that no response is necessary.

3. In response to paragraph 3 of the Amended Complaint, HNB admits that monies were borrowed from HNB by Midwest and Pacific (as those terms are defined in the Amended

1

Complaint) and that this relationship extended over a period of years.  HNB denies the remaining allegations of paragraph 3.

4.      In response to paragraph 4 of the Amended Complaint, HNB states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same for want of knowledge.

5.      In response to paragraph 5 of the Amended Complaint, HNB states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same for want of knowledge.

6.      In response to paragraph 6 of the Amended Complaint, HNB states that a subpoena was served upon it by Attorney George Gibel.  Insofar as the allegations in paragraph 6 describe a document attached to the Amended Complaint as Exhibit "A," HNB says that said document speaks for itself and denies the allegations in paragraph 6 to the extent that said allegations differ in any way from the provisions of the document. HNB states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 of the Amended Complaint, and therefore denies same for want of knowledge.

7.      In response to paragraph 7 of the Amended Complaint, HNB admits only that it complied with the subpoena instructions. Insofar as the allegations in paragraph 7 describe a document attached to the Amended Complaint as Exhibit "B," HNB says that said document speaks for itself and denies the allegations in paragraph 7 to the extent that said allegations differ in any way from the provisions of the document.  HNB denies the remaining allegations contained in paragraph 7 of the Amended Complaint.

8.      HNB denies the allegations contained in paragraph 8 of the Amended Complaint.

9.      In response to paragraph 9 of the Amended Complaint, HNB states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same for want of knowledge.

10.      In response to paragraph 10 of the Amended Complaint, HNB states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same for want of knowledge.

11.      HNB denies the allegations contained in paragraph 11 of the Amended Complaint.

12.      In response to paragraph 12 of the Amended Complaint, HNB states only that a letter was sent by John Kohl to Attorney Roger Stewart.  Insofar as the allegations in paragraph 12 describe a document attached to the Amended Complaint as Exhibit "C," HNB says that said document speaks for itself and denies the allegations in paragraph 12 to the extent that said allegations differ in any way from the provisions of the document.  HNB denies all of the remaining allegations of paragraph 12 of the Amended Complaint.

13.      To the extent that the allegations contained in paragraph 13 of the Amended Complaint require HNB to render legal conclusions, HNB states that no response is necessary. HNB denies any allegations not specifically addressed herein.

14.      To the extent that the allegations contained in paragraph 14 of the Amended Complaint require HNB to render legal conclusions, HNB states that no response is necessary. HNB denies any allegations not specifically addressed herein.

15.      In response to paragraph 15 of the Amended Complaint, HNB incorporates by reference its responses to paragraphs 1 through 14 as if rewritten here.

3

16.     HNB denies the allegations contained in paragraph 16 of the Amended Complaint to the extent that they say that HNB was involved in any wrongdoing or conspiracy whatsoever. HNB is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 of the Amended Complaint and therefore denies same for want of knowledge.

17.     In response to paragraph 17 of the Amended Complaint, HNB admits only that it is represented by counsel who attended various hearings held by the Portage County Common Pleas Court. HNB denies the remaining allegations contained in paragraph 17.

18.     HNB denies all of the allegations contained in paragraph 18 of the Amended Complaint.

19.     HNB denies all of the allegations contained in paragraph 19 of the Amended Complaint.

20.     HNB denies all of the allegations contained in paragraph 20 of the Amended Complaint.

21.     In response to paragraph 21 of the Amended Complaint, HNB incorporates by reference its responses to paragraphs 1 through 20 as if fully rewritten here.

22.     HNB denies the allegations contained in paragraph 22 of the Amended Complaint to the extent that they say that HNB was involved in any wrongdoing whatsoever. To the extent that the allegations contained in paragraph 22 require HNB to render legal conclusions, HNB states that no response is necessary. HNB denies any allegations not specifically addressed herein.

23.     HNB denies the allegations contained in paragraph 23 of the Amended Complaint to the extent that they say that HNB was involved in any wrongdoing whatsoever. To the extent

4

that the allegations contained in paragraph 23 of the Amended Complaint require HNB to render legal conclusions, HNB states that no response is necessary.  HNB denies any allegations not specifically addressed herein.

24.     HNB denies all of the allegations contained in paragraph 24 of the Amended Complaint.

25.     In response to paragraph 25 of the Amended Complaint, HNB incorporates by reference its responses to paragraphs 1 through 24 as if fully rewritten here.

26.     HNB denies all of the allegations contained in paragraph 26 of the Amended Complaint.

27.     HNB denies all of the allegations contained in paragraph 27 of the Amended Complaint.

28.     HNB denies all of the allegations contained in paragraph 28 of the Amended Complaint.

29.     In response to paragraph 29 of the Amended Complaint, HNB incorporates by reference its responses to paragraph 1 through 28 as if rewritten here.

30.     HNB denies all of the allegations contained in paragraph 30 of the Amended Complaint.

31.     HNB denies all of the allegations contained in paragraph 31 of the Amended Complaint.

32.     HNB denies all of the allegations contained in paragraph 32 of the Amended Complaint.

33.     In response to paragraph 33 of the Amended Complaint, HNB incorporates by reference its responses to paragraph 1 through 32 as if rewritten here.

5

34.     HNB denies all of the allegations contained in paragraph 34 of the Amended Complaint.

35.     HNB denies all of the allegations contained in paragraph 35 of the Amended Complaint.

36.     HNB denies all of the allegations contained in paragraph 36 of the Amended Complaint.

37.     In response to paragraph 37 of the Amended Complaint, HNB incorporates by reference its responses to paragraph 1 through 36 as if rewritten here.

38.     In response to paragraph 38 of the Amended Complaint, HNB admits only that it maintained various records relating to its dealings with Plaintiff, Midwest and Pacific in the ordinary course of its business. To the extent that paragraph 38 requires HNB to render legal conclusions, HNB says that no response is required. HNB denies the remaining allegations contained in paragraph 38 of the Amended Complaint.

39.     In response to paragraph 39 of the Amended Complaint, HNB specifically denies any allegations of wrongdoing.  Further, HNB states that to the extent that this paragraph requires HNB to render legal conclusions, no response is required.

40.     In response to paragraph 40 of the Amended Complaint, HNB specifically denies any allegations of wrongdoing.  Further, HNB states that to the extent that this paragraph requires HNB to render legal conclusions, no response is required.

41.     In response to paragraph 41 of the Amended Complaint, HNB specifically denies any allegations of wrongdoing.  Further, HNB states that to the extent that this paragraph requires HNB to render legal conclusions, no response is required.

42.    HNB states that no response is required to paragraph 42 of the Amended Complaint insofar as it is blank and appears to be a typographical error.

43.    In response to paragraph 43 of the Amended Complaint, HNB incorporates by reference its responses to paragraph 1 through 42 as if rewritten here.

44.    HNB denies the prayer set forth in paragraph 44 of the Amended Complaint.

45.    HNB denies the allegations set forth in paragraph 45 of the Amended Complaint.

46.    HNB denies the demand for attorneys fees and costs set forth in paragraph 46 of the Amended Complaint.

47.    HNB denies the allegations contained in paragraph 47 of the Amended Complaint.

48.    HNB denies the prayer set forth in paragraph 48 of the Amended Complaint.

49.    HNB denies the allegations contained in the Amended Complaint not otherwise addressed in this Answer.

## ADDITIONAL DEFENSES

50.    Plaintiff's Amended Complaint is barred insofar as it was filed without leave of Court in contravention of the Rules of Civil Procedure.

51.    Plaintiff's Amended Complaint fails in whole or in part to state a claim upon which relief can be granted.

52.    Plaintiff's claims are barred in whole or in part by the doctrines of unclean hands, waiver, laches, estoppel, consent, and/or other behavior by Plaintiff.

53.    Plaintiff has failed to join necessary parties.

54.    Venue is improper.

7

55.     Plaintiff's claims are barred by the doctrine of res judicata because such claims have already been adjudicated by the Ashtabula County Court of Common Pleas in *Pacific Financial Services of America, Inc. v. Huntington National Bank*, Case No. 2002-CV-086.

56.     HNB owed no duties to Plaintiff.

57.     HNB responded to a subpoena which was valid on its face; therefore, HNB is not liable to Plaintiff.

58.     HNB complied with a valid subpoena.  Compliance with a properly authorized subpoena is an exception to the provisions of 15 U.S.C. § 6801, *et seq*. See 15 U.S.C. § 6802(e)(8).

59.     Any information that HNB may have supplied in response to the validly issued subpoena was not "nonpublic personal information" for purposes of 15 U.S.C. § 6801, *et seq.*

60.     Any information that HNB may have supplied in response to the validly issued subpoena was publicly available information which is excluded from the protections of 15 U.S.C. § 6801, *et seq.*  See 15 U.S.C. § 6809(4)(B).

61.     Plaintiff failed to file a motion to quash in response to the subpoena.

62.     Plaintiff has no standing because, among other things, he never borrowed money from HNB.

63.     The protections afforded by 15 U.S.C. § 6801, *et seq.*, apply to "consumers," as that term is defined in 15 U.S.C. § 6809(9).  Even if Plaintiff had borrowed money from HNB, he does not meet the definition of a "consumer."

64.     HNB has violated neither 15 U.S.C. § 6801 *et seq.* nor 18 U.S.C. § 1341.

65.     Plaintiff's claims are barred to the extent that they are claims belonging to Pacific Financial Services of America, Inc. and/or Midwest Fireworks Manufacturing Company, Inc. II,

both of whom are Debtors in pending Chapter 11 Bankruptcy proceedings in the United States Bankruptcy Court for the Northern District of Ohio.  A Chapter 11 Trustee has been appointed in both of these Bankruptcy cases pursuant to 11 U.S.C. § 1104 and therefore, Plaintiff has no standing to bring any claims on behalf of these entities.

66.     Plaintiff has no standing to bring claims against HNB under 18 U.S.C. § 1341.

67.     Any representations made to Plaintiff by HNB in regard to its compliance with the subpoena were made with an honest, good faith belief in the truth of the representations.

68.     Plaintiff's claims are barred by the applicable statute of limitations.

69.     HNB reserves the rights to assert additional affirmative defenses as they are uncovered in discovery.

WHEREFORE, having fully answered, Defendant Huntington National Bank prays that this Court enter a judgment dismissing the Amended Complaint; granting to Defendant its costs in this action and granting such other further relief as equity and the nature of this case required.

## COUNTERCLAIM

Now comes Defendant, The Huntington National Bank ("HNB"), for its counterclaim against Plaintiff Laurence D. Lomaz ("Lomaz" or "Plaintiff"), states as follows:

## STATEMENT OF THE CASE

1.     This is a civil action for a declaration that Plaintiff is a vexatious litigator as defined in Ohio Revised Code section 2323.52.

## COUNT ONE
### Declaration that Plaintiff is a Vexatious Litigator
### Pursuant to Ohio Revised Code section 2323.52

2.     Plaintiff has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in civil actions.

9

3.      Plaintiff is a vexatious litigator as defined in Ohio Revised Code section 2323.52.

4.      Examples of such conduct include the following:

**Filing Bankruptcy In Other States To Harass Creditors**

5.      Plaintiff placed his wholly owned company, Pacific Financial Services of America ("Pacific"), into bankruptcy in the United States Bankruptcy Court for the District of Nevada on September 27, 2002.

6.      Pacific does not have any creditors in Nevada, but has many creditors in Ohio.

7.      Pacific's creditors had Pacific's bankruptcy transferred to the United States Bankruptcy Court for the Northern District of Ohio (Cleveland Division) on December 31, 2002. This case was assigned Case No. 03-11098.

8.      On June 5, 2003, Plaintiff filed for personal bankruptcy in Hawaii.

9.      At that time he was residing in Ohio.

10.     Plaintiff accomplished this by sending his Chapter 13 Petition on June 4th via overnight mail from Ohio to Hawaii for filing.

11.     Plaintiff did this in order to increase the cost of litigation for all parties.

**Fraudulently Concealing His Bankruptcy Filings To Abuse The Legal System**

12.      Plaintiff did not disclose his personal bankruptcy filing to anyone, although various courts were addressing various matters for which Plaintiff had requested relief.

13.     On May 23, 2003, Plaintiff had asked the Ohio Eleventh District Court of Appeals (the "Ohio Court of Appeals") in Case No. 2003-P-0062 to stay (on grounds other than any bankruptcy filings) the judgment of the Portage County (Ohio) Common Pleas Court confirming a bid purchasing fireworks owned by one of Plaintiff's companies, Midwest Fireworks Manufacturing Co., Inc. II ("Midwest II").

10

14.     On June 11, 2003, the Ohio Court of Appeals issued an opinion adverse to Plaintiff's interests.

15.     After the Ohio Court of Appeals issued its ruling on June 11, 2003, Plaintiff finally disclosed to that Court that he had previously filed for bankruptcy on June 5, 2003 and asked that the Court vacate its adverse ruling set forth in its June 11, 2003 ruling based on his prior secret bankruptcy filing.

16.     This was a strategy which deceived and abused the courts.

### Other Frivolous Actions

17.     In one or more of the following civil actions cases, Plaintiff filed or caused to be filed frivolous complaints, defenses, counterclaims, motions or appeals:

   a.     The United States District Court, District of Nevada No. CV S 03 0307 PMP (frivolous complaint);
   b.     Eleventh District Court of Appeals Ohio Case No. 2003 PA 0057 (frivolous complaint);
   c.     Eleventh District Court of Appeals Ohio Case No. 2003 PA 00062 (frivolous appeal);
   d.     Eleventh District Court of Appeals Ohio Case No. 2001 PA 00082 (frivolous appeal);
   e.     Eleventh District Court of Appeals Ohio Case No. 2001 PA 00120 (frivolous appeal);
   f.     Eleventh District Court of Appeals Ohio Case No. 1998 PA 00131 (frivolous appeal);
   g.     Eleventh District Court of Appeals Ohio Case No.   1996    PA    00198 (frivolous appeal);
   h.     Eleventh District Court of Appeals Ohio Case No. 1996 PA 00233 (frivolous appeal);
   i.     Eleventh District Court of Appeals Ohio Case No. 1994 PA 00053 (frivolous appeal);
   j.     Eleventh District Court of Appeals Ohio Case No. 1994 PA 00114 (frivolous appeal);
   k.     Portage County Court of Common Pleas Case No. 2003 CV 00122 (frivolous motion);
   l.     Portage County Court of  Common Pleas Case No. 2001 CV 01007 (frivolous counterclaim);
   m.     Portage County Court of Common Case No. 1998 CV 00622 (threatening conduct);

11

n.  Portage County Court of Common Pleas Case No. 2003 CV 00548 (frivolous complaint);

o.  Portage County Court of Common Pleas Case No. 2003 CV 00547 (frivolous complaint);

p.  Portage County Court of Common Pleas Case No. 2003 CV 00105 (frivolous complaint);

q.  Portage County Court of Common Pleas Case No. 2002 CV 01416 (frivolous complaint);

r.  Portage County Court of Common Pleas Case No. 2002 CV 00064 (frivolous complaint);

s.  Portage County Court of Common Pleas Case No. 1999 CV 00076 (frivolous complaint);

t.  Portage County Court of Common Pleas Case No. 1993 CV 00406 (frivolous complaint);

u.  Portage County Court of Common Pleas Case No. 1991 CV 00157 (frivolous complaint);

v.  Portage County Court of Common Pleas Case No. 1990 CV 00459 (frivolous complaint);

w.  Ashtabula County Court of Common Pleas Case No. 2002 CV 0086 (frivolous complaint);

x.  Ashtabula County Court of Common Pleas Case No. 2000 CV 0220 (frivolous motion);

y.  Cuyahoga County Court of Common Pleas Case No. CV-98-367569 (frivolous complaint);

z.  Cuyahoga County Court of Common Pleas Case No. CV-02-476669 (frivolous complaint);

aa.  Cuyahoga County Court of Common Pleas Case No. CV-02-465495 (frivolous complaint);

bb.  Cuyahoga County Court of Common Pleas Case No. CV-89-174564 (frivolous complaint).

**Frivolous Motions Filed In Case No. 2003 CV 00122**

18.  In Case No. 2003 CV 00122 (see subsection k. in para. 17, above) Plaintiff (a) filed, *pro se*, at least 10 motions while not a party to the case, and (b) threatened to file "hundreds more" such motions while not a party.

19.  These motions were all frivolous.

20.  The foregoing conduct constitutes vexatious litigation.

12

**Frivolous Complaints Suing HNB For Honoring A Document Subpoena**

21.     Plaintiff caused his company, Pacific, to file a Complaint against HNB in the Ashtabula County Common Pleas Court (the "Ashtabula County Court") entitled *Pacific Financial Services of America, Inc. v. The Huntington National Bank,* Case No. 2002 CV 86 (see subsection w. in para. 17, above).

22.     The Complaint contended that HNB wrongfully honored a document subpoena served on HNB.

23.     HNB requested in writing that the claim be dismissed because it was frivolous. Plaintiff refused.

24.     HNB then filed a motion to dismiss.

25.     The Ashtabula County Court dismissed the Complaint for failure to state a claim.

26.     Plaintiff also asserted a counterclaim against HNB for the exact same thing in a foreclosure action in Portage County Common Pleas Court, Case No. 2001 CV 1007 (see subsection l. in para. 17, above).  A motion for summary judgment remains pending with regard thereto and is stayed pending bankruptcy.

27.     These actions constitute vexatious litigation

**Threatening And Frivolous Letters To The Court's Receiver**

28.     Plaintiff has written threatening letters to the Court's Receiver appointed in Case No. 1998 CV 00622 (see subsection m. in para. 17, above).

29.     This constitutes vexatious litigation.

**Fraudulent Motions To Delay Sale In Ashtabula Foreclosure Sale**

30.     Plaintiff caused his counsel to file motions to stay a sheriff's sale in Ashtabula County Case No. 2000 CV 00220 (see subsection x. in para. 17, above) the day before a

foreclosure sale alleging that the property was under-appraised at $160,000 and claiming he had an appraisal in the amount of $1,000,000.

31.     The Court relied on this and stayed the sale.

32.     Plaintiff never supplied the alleged appraisal.

33.     Upon reappraisal, the sheriff's office appraised it at **$150,000**.

34.     Plaintiff further delayed another attempted sheriff's sale of the same property by claiming it was barred by a then nearly year old bankruptcy filing of an entity known as Midwest Fireworks Manufacturing, Inc. I ("Midwest I").

35.     The stay request was made and granted the same morning as the scheduled sale even though Plaintiff's company, Midwest I, had been in Chapter 7 bankruptcy for over eleven months.

36.     Midwest I had previously represented to the Bankruptcy Court in Nevada that it had no asserts and no interest in any real property.

37.     The subject real property had never been titled to Midwest I and the title work filed with the Court showed that Midwest I had no interest in the property.

38.     There were no other grounds for Midwest I to request a stay.

39.     This constituted vexatious litigation.

40.     There are many other instances of Plaintiff's vexatious litigation.

## COUNT TWO
### Injunctive Relief

41.     HNB reasserts and incorporates by reference the foregoing allegations.

42.     Plaintiff's conduct will cause HNB harm by forcing HNB to continually divert financial and personnel resources to deal with complaints without legal merit and forcing HNB to incur legal costs to defend itself against claims lacking any legal merit.

14

43.     HNB has no adequate remedy at law.

44.     Plaintiff's actions entitle HNB to injunctive relief prohibiting Plaintiff from, directly or indirectly through any of his companies:

(a)     instituting a legal proceeding, continuing any legal proceeding or making any application for relief or filing any motions in a legal proceeding in the Court of Claims or in a court of common pleas, municipal court or county court or court of appellate jurisdiction or any federal court without first obtaining leave of that court to proceed, or

(b)     writing letters or taking other actions which harass, annoy or disparage other persons in connection with any litigation; or

(c)     causing any other party, attorney, entity or company over which he has control or influence to do any of the foregoing.

## PRAYER FOR RELIEF

Wherefore, The Huntington National Bank ("HNB") respectfully requests that judgment be entered in its favor and against Plaintiff Laurence D. Lomaz and that HNB be granted the following relief:

(i)     Entry of Judgment declaring that Laurence Lomaz is a vexatious litigator as defined in Ohio Revised Code section 2323.52;

(ii)    Entry of Judgment prohibiting Laurence Lomaz or any entity or company over which he has control or influence from, directly or indirectly, doing any of the following without first obtaining leave of that court to proceed:

(a)     instituting, or causing to be instituted, legal proceedings in or continuing any legal proceedings or making any application for relief or filing any motions in the Court of

15

Claims or in a court of common pleas, municipal court, or county court or court of appellate jurisdiction or any federal court;

        (b)     writing letters or taking other actions, or causing letters to be written or action to be taken, which harass, annoy or disparage other persons in connection with any legal proceedings; or

        (c)     causing any other party, attorney, entity or company over which he has control or influence to do any of the foregoing.

    (iii)    Awarding The Huntington National Bank its reasonable attorneys' fees in the prosecution of this action;

    (iv)    Awarding The Huntington National Bank all costs incurred in the prosecution of this action; and

    (v)    Awarding The Huntington National Bank such other and further relief as this Court deems just and proper.

Dated: January 30, 2004                Respectfully submitted,

                                        */s/ Rebecca A. Kucera*
                                        David C. Tryon (Regis. No. 0028954)
                                        Rebecca A. Kucera (Regis. No. 0071052)
                                        PORTER WRIGHT MORRIS & ARTHUR LLP
                                        925 Euclid Avenue, Suite 1700
                                        Cleveland, Ohio 44115-1483
                                        Telephone: (216) 443-9000
                                        Telecopier: (216) 443-9011
                                        E-mail: dtryon@porterwright.com
                                                      rkucera@porterwright.com

                                        *Attorneys for The Huntington National Bank*

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 30th day of January, 2004 a copy of the foregoing Answer was

sent via regular U.S. Mail Service, postage pre-paid, to:

Laurence De Leon, *Pro Se*
2249 Elm Street, Suite 502
Cleveland, Ohio 44113

-and at-

Box 3072
Lihue, Hawaii 96766

/s/ Rebecca A. Kucera
*One of the Attorneys for Defendant*

17