**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Laurence De Leon Lomaz,** | ) | **CASE NO. 5:03 CV 2609** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Ohio Department of Commerce,** | ) | **Memorandum of Opinion and Order** |
| **Division of State Fire Marshall,** | | |
| **et al.,** | ) | |
| **Defendants.** | ) | |

**Introduction**

This matter is before the Court upon plaintiff's Motion for Remand and Objection to the Defendant's Notice of Removal (Doc. 7).  For the following reasons, the Motion is DENIED.

**Facts**

Plaintiff, Laurence De Leon Lomaz, proceeding *pro se,* filed this Complaint in the Portage County Court of Common Pleas on May 27, 2003.  Plaintiff named The Huntington National Bank (hereafter, HNB or defendant); the Ohio Department of Commerce, Division of State Fire Marshal; and Timothy Kollin as defendants.  The state court subsequently granted the

1

motions to dismiss filed by the Ohio Department of Commerce, Division of State Fire Marshal and Timothy Kollin. On December 11, 2003, plaintiff filed an Amended Complaint against HNB, the sole remaining defendant. While plaintiff's original Complaint identified plaintiff as having an Ohio address, the Amended Complaint states that plaintiff is a resident of Lihue, Hawaii. Additionally, the Amended Complaint refers to federal statutes. Thus, defendant filed a Notice of Removal to this Court asserting diversity of citizenship and federal law as bases for original jurisdiction.

This matter is now before the Court upon plaintiff's Motion for Remand and Objection to the Defendant's Notice of Removal

**Discussion**

28 U.S.C. § 1446(b) provides in relevant part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 [diversity of citizenship] of this title more than 1 year after commencement of the action.

Defendant properly removed this case on the basis of diversity of citizenship within 30 days of the filing of the Amended Complaint wherein it became apparent that plaintiff is a citizen of Hawaii while defendant is a citizen of Ohio. Moreover, this matter was removed within one year of its commencement. Plaintiff argues that at the time of filing of the original Complaint he was a resident of Ohio, all of the events recited in the Amended Complaint occurred in Ohio and the case has been litigated in an Ohio court for over eight months. Nevertheless, in determining a motion to remand this Court looks to the complaint at the time of removal. *Cockrell v. First*

*Tennessee Bank,* No. 98-6145, 1999 WL 775928 (September 24, 1999) (citing *Ahearn v. Charter Township of Bloomfield,* 100 F.3d 451 (6th Cir. 1996) ). Clearly, at the time of removal, the parties were citizens of different states. Therefore, this Court has original jurisdiction under 28 U.S.C. § 1332 and remand is not warranted.

The Court need not reach the issue of whether it also has federal question jurisdiction under 28 U.S.C. § 1331.

**Conclusion**

For the foregoing reasons, plaintiff's Motion for Remand and Objection to the Defendant's Notice of Removal is denied.

IT IS SO ORDERED.

    /s/ Patricia A.Gaughan  
    PATRICIA A. GAUGHAN  
    United States District Judge