UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LAURENCE DE LEON LOMAZ, | ) | CASE NO.   5:03CV2609 |
| | ) | |
| Plaintiff | ) | |
| | ) | JUDGE GAUGHAN |
| v. | ) | |
| | ) | |
| OHIO DEPARTMENT OF COMMERCE, | ) | |
| DIVISION OF STATE FIRE MARSHALL, | ) | |
| HUNTING NATIONAL BANK, et al., | ) | |
| Defendants) | | |

## PLAINTIFF LOMAZ'S MOTION, AND BRIEF, TO DISMISS HUNTINGTON'S COUNTERCLAIM.

Pursuant to  Rules of Civil Procedure 9, 11, 12 and 19, Plaintiff, Laurence De Leon Lomaz, moves this Honorable Court for an order dismissing Defendant Huntington's Counterclaim for the following reasons:

## I.    INTRODUCTION

It is undisputed that Defendant Huntington National Bank (hereinafter "Huntington") provided an individual, Albert Gibel, who embezzled money from a company which was controlled by the Plaintiff, with 150 or more pages of confidential documents.  These documents contained Plaintiff's personal information, personal finances and business finances.  Huntington then tried to cover up the fact that it released these confidential documents through a scheme of sending letters falsely denying it had provided these confidential documents to Gibel.  Huntington's actions are the subject of the Complaint before this Court.

Huntington had full knowledge that the convicted embezzler Albert Gibel would make an attempt through a defective subpoena to obtain records of the Plaintiff and his companies. The Plaintiff had meetings with Huntington and showed Huntington other defected subpoenas presented to other banks. Those other banks alerted the Plaintiff, and motions were filed and the court quashed the defective subpoenas. Only after this litigation was filed in the Ohio state courts was proof of Huntington's actions uncovered by Plaintiff, and Huntington admit it provided over all Plaintiff's personal and business records to Gibel.

Then Huntington engaged in a campaign to harass the Plaintiff. For example, on May 28, 2003, Huntington, along with David Tyron, made representation to Portage County Judge John Enlow that it wanted IWARR and Joe Pesic to be in charged of Plaintiff's business. Pesic and IWARR are a target of a grand jury, and a Defendant in a civil action concerning the theft of equipment from the company in which Plaintiff had an interest along with items belonging to the Plaintiff. (See exhibit 1) The Honorable Court in Portage County was stunned by Huntington's requests. (See exhibit 2). Recently, Huntington improperly took confidential and privileged materials of the Plaintiff on March 9, 2004. Defendant had no authority to remove legal files from the Plaintiff.

Huntington filed an alleged counterclaim in this matter. A review of the allegations in the Counterclaim filed by Huntington shows that it consists of vague and unspecific allegations. The Counterclaim also contains half truths, misrepresentations and untruths. It also lacks a factual basis. The Counterclaim, on its face, shows Huntington's allegations do not support a violation of Ohio Revised Code Section 2323.52. The Counterclaims also does not meet the

requirements of 28 U.S.C. §1332, in that there is no amount in controversy, no less the required $75,000.

## II.  HUNTINGTON'S COUNTERCLAIM

A review of the Counterclaim demonstrates it is impermissibly vague and contains statements which are incomplete, and some which are untrue or half truths. Clearly, Huntington's intent is to mislead and confuse this Court, and harass the Plaintiff.

### A.  Pacific Bankruptcy

Hunting alleges that Pacific filed bankruptcy in federal court in Nevada, but had no creditors in Nevada. However, what Huntington fails to inform the Court is that Pacific is a Nevada corporation and had a right to file bankruptcy in the state in which it was a resident. That the bankruptcy was transferred to Ohio court for convenience, does not effect Pacific's right to file bankruptcy in its native state of Nevada.

### B.  Personal Bankruptcy

Huntington alleges that Plaintiff filed his personal bankruptcy in Hawaii. This is true. Critically, what Huntington fails to tell this Court is that Plaintiff was and is a resident of Hawaii. After Plaintiff filed personal bankruptcy in Hawaii, Huntington fails to disclose to the Court that it attempted to move the case to Ohio. The Bankruptcy Court rejected Huntington's attempt to transfer the case. Further, upon receiving the stamp filed bankruptcy papers in the mail, Plaintiff immediately forwarded copies to all effected parties, including Huntington.

Importantly, there is no allegation, and cannot be, that Pacific and/or Plaintiff did not have creditors.

### C.    Listing of Other Frivolous Action

In paragraph 17, without naming the parties or giving any specifics about the cases, Huntington merely listed approximately 28 cases and merely stated they were frivolous.  This clearly demonstrates the vagueness, incompleteness of the Counterclaim and that it does not state a cause of action.

### D.    Case No 2003CV0122

Again in paragraphs 18 through 19, Huntington makes vague, wild, unspecific allegations, which are impossible to respond to.  It should be noted that while it lists Case No. 2003CV0122 in paragraph 17, Huntington admits Plaintiff was not a party to this action.  How many other case was Plaintiff not a party?  Being a party is an essential element of the Ohio statute.  Further, "threatening" to file motions does not violate any statute.  Again, all Huntington provides are vague, general and speculative allegations.

### E.    Suing HWB

Paragraph 21 demonstrates that Plaintiff was not a party to the Pacific litigation.  Further, in the foreclosure proceeding Huntington admits the claim is still pending.

## III.    ARGUMENT

A review of Huntington's Counterclaim shows it contains only vague, unspecific allegations, which do not comply with any standard of pleading.  Further, and most importantly, it contains half truths and untruths.

For example, Huntington's Counterclaim merely states that Plaintiff is a "Vexatious Litigator".  However, Huntington fails to state that it was not a party to most of the listed cases.

Further, in some of the cases listed in the Counterclaim, Plaintiff was not a party. (See exhibit 3).
An example of Huntington's deception is that in case 1990 CV 00459, in paragraph 17,
Plaintiff's company filed suit against Sam Abdulla, a known member of organized crime.
Plaintiff's company won a judgment for $300,000.00. (See exhibit 4). Huntington failed to
inform the Court of this critical fact.  Is Huntington claim that a successful litigator is
"vexatious"?

It is clear that all Huntington did is run some type of search on Plaintiff's name and some
of the companies in which he had an interest.  Then it simply listed those cases in the
Counterclaim.  If Plaintiff listed all the cases in which Huntington was a defendant or Plaintiff it
would have shown, under Huntington's theory, that the number of cases which greatly exceeds
the lists in the Counterclaim qualify Huntington as "vexatious litigator".  If, that is sufficient
proof, Plaintiff will provide an extensive list of Huntington's cases to the Court.

Ohio Revised Code Section 2323.52 requires proof that the conduct of a "party" in a civil
action was "obviously" meant "to merely....harass or maliciously injure another party".
Therefore, as a primary element of the statute Plaintiff and Huntington had to be parties to the
actions.

Huntington in paragraph 17 of its Counterclaim merely lists 28 actions and states that Mr.
Lomaz "filed .....frivolous complaints, defenses, motions or appeals".  These vague, general and
unspecific allegations cannot support a claim.  Further, these speculative and vague allegations
make it impossible for Plaintiff to defend against the Counterclaim.   The Court can determine on
the face of the Counterclaim that it fails to state a claim.  Further, though Huntington list case

numbers, it deliberately fails to list the parties, subject matter or specifically state how the matter violate Ohio Revised Code 2323.52.

The requirement of Section 2323.52 are that Plaintiff be a party to the litigation. Yet, Huntington deliberately listed only case numbers and not the parties. Further, a review of the Counterclaim shows Huntington knew Plaintiff was not a party to some of the listed cases. Huntington's deliberate omissive of the names of parties to it list of case numbers was amount to mislead his Court. Huntington is represented by able counsel and, thus, its actions were not one of mistake.

Most importantly, Huntington cannot and did not claim that the matter presently before the Court, and in which it filed its alleged Counterclaim, is improper or vexatious litigation. It did not do so because it is beyond dispute that Huntington produced private and confidential information to Gibel, without notice to Plaintiff. It is beyond dispute that Huntington wrote to Plaintiff on several occasions falsely stating it had not provided any documents to Gibel. (See Attached Exhibit _). Plaintiff is unable to attach this exhibit as this Defendanat entered the office of the Plaintiff and removed the entire file along with all legal files of the Plaintiff. Plaintiff has asked Honorable Judge Gallas in Akron, Ohio for the return of these files that were removed illegally by the Defendant's attorney Rebbecca Kucera.

Huntington's counterclaim purposely contains cases unspecific, vague allegations and half truths and untruths to harass the Plaintiff. The Counterclaim does not seek any action concerning the matter before the Court, instead it asks this Court to issue an order stopping the Plaintiff from exercising his Constitutional right to the court system. This Counterclaim is a

conard, seeking to distract the Court from the true underlying issues in this case and is an attempt

to prejudice the Court against the Plaintiff.

This is a simple case; Huntington in violation of state and federal laws and regulations,

improperly produced confidential documents to Gibel, and then tried to cover it up with a series

of false letters. Huntington's attorney is now attempting to use half truths and untruths to create

side issues. Huntington knew Albert Gibel was convicted of embezzlement of Plaintiff's

business. Huntington knew that Gibel, or his uncle, would deliver a bogus subpoena with no

notice to Plaintiff. Despite a series of meetings with Plaintiff, Huntington deliberately turned

over Plaintiff's personal records and business records to Gibel. Huntington provided the

embezzler with Plaintiff's confidential bank records and documents with the intent to harm the

Plaintiff. Importantly, based on the undisputed facts, Huntington has not and cannot show how

this case is vexatious litigation.

The Counterclaim on its face does not meet the jurisdictional requirements or state a

claim. Like a fraud claim, this Counterclaim, which attacks the Plaintiff's character and

reputation must state specifics. VIACOM, Inc. v. Harbridge Merchant Services, Inc., 20 F. 3d

771 (7th Cir. 1994). In its Counterclaim, Huntington presents no specifics, but merely lists 28

cases without naming the parties to the cases, the issues in the case or the merits. Clearly, this is

insufficient to state a claim, and the Counterclaim must be dismissed. Lachmund v. ADM

Invester Services, Inc., 191 F. 3d 777 (7th Cir. 1999). Vess v. Liba-Geiby Corp., USA, 317 F. 3d

1097 (9th Cir. 2003). Carr v. Riddle, 136 Ohio App. 3d. 700 (2000). Unsupported conclusions

are not sufficient to support a claim. State Ex Rel Hickman v. Cap of S, 45 Ohio St. 3d. 324

(1989). Further, Huntington's allegations concerning federal bankruptcy cases are not only untrue, but will not support a claim of "vexatious litigator". A federal case is not covered by the Ohio statute. Central Ohio Trnasit Authority v. Timson, 132 Ohio App. 3d. 41, 54-55 (1998). The mere listing of cases does not state a vexation litigation claim. Central Ohio Transit Authority v. Timour. 132 Ohio App. 41, 54-55 (1998).

## IV.    Huntington's Is Not a Proper Counterclaim

The document filed by Huntington is not a Counterclaim and, therefore, it must be dismissed. There is no allegation in the Counterclaim, and cannot be, that the Plaintiff's litigation before this Court is not correct. In fact, the face of the Complaint, and the attached exhibits, clearly demonstrate that the Plaintiff's allegations are true, i.e., that Huntington produced confidential documents to Gibel and then sent letters through the United States mail falsely denying such production. Thus, on its face, the Counterclaim does not relate to the subject matter of the Complaint.

The Counterclaim also does not comply with the jurisdictional amount set forth in 28 U.S.C. §1332. Therefore, the Counterclaim is improper on its face and must be dismissed. Martin v. Franklin Capital Corp., 251 F. 3d 1284 (10th Cir. 2001). McNutt v. GMAC, 298 U.S. 178 (1936). Huntington may argue its alleged Counterclaim is permissive. However, permissive counterclaims must also meet the jurisdictional amount of $75,000. Huntington's does not meet that amount. Unique Concepts, Inc., v. Manuel, 930 F. 2d 573 (7th Cir. 1991).

An attorney warrants to this Court the accuracy and truth of his/her client's claims and allegations. It is clear from the above, Huntington's attorney violated Rule 11 when he/she filed

this vague, incomplete Counterclaim, which on its face does not meet the jurisdictional amount.

Union Planters Bank v. L & J Developments Co., 115 F. 3d 378 (6th Cir. 1997).  Attwood v.

Singletary, 105 F. 3d 610 (11th Cir. 1997).

### CONCLUSION

For all the foregoing reasons, Plaintiff respectfully asks that the Counterclaim be

dismissed and the Plaintiff be awarded  fees, costs and sanctions against Huntington.

Respectfully Submitted,

Plaintiff, Laurence De Leon Lomaz, *Pro Se*
3900 Paradise Road
Suite R
Las Vegas, Nevada 89109
(216) 857-2034
(808) 630.7980

CERTIFICATE OF  SERVICE

I hereby certify that on the 18th day of March, 2004 a copy of the forgoing was sent via

regular U.S. Mail Service to the Defendant's attorney.

David C. Tryon (Regis. No. 0028954
Rebecca A. Kucera (Reg. No. 0071052
PORTER WRIGHT MORRIS & ARTHUR LLP
925 Euclid Avenue, Suite 1700
Cleveland, Ohio 44115-1483

Laurence De Leon Lomaz