UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LAURENCE DE LEON LOMAZ, | ) | CASE NO. 5:03CV2609 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE GAUGHAN |
| v. | ) | |
| | ) | |
| OHIO DEPARTMENT OF COMMERCE, | ) | **THE HUNTINGTON NATIONAL** |
| DIVISION OF STATE FIRE MARSHAL, *et* | ) | **BANK'S MOTION FOR JUDGMENT** |
| *al.,* | ) | **ON PLAINTIFF'S COMPLAINT** |
| | ) | **UNDER RULE 12(B)(6) AND/OR 12(C)** |
| Defendants. | ) | **OR, IN THE ALTERNATIVE, FOR** |
| | ) | **SUMMARY JUDGMENT** |

Pursuant to Rule 12(C) of the Federal Rules of Civil Procedure, Defendant Huntington

National Bank ("HNB") respectfully moves this Court to dismiss Plaintiff's Amended Complaint

under Rule 12(B)(6) and/or 12(C) of the Federal Rules of Civil Procedure or, in the alternative,

for summary judgment.

The essence of the Plaintiff's Amended Complaint is that HNB tendered documents

pursuant to a validly issued subpoena.  The subpoena sought documents of Pacific Financial

Services, Inc., which sold fireworks to the general public in locations in Deerfield, Ohio and

Conneaut, Ohio.[1]  HNB honored the subpoena and tendered the documents of Pacific Financial

Services, Inc.  HNB requests dismissal, or alternatively, summary judgment for the following

reasons:

(1)     Pacific Financial is the proper party in interest, not Larry Lomaz.

Accordingly, Plaintiff Lomaz does not have standing and the Amended Complaint

should be dismissed.

---

[1]  Contrary to its name, Pacific Financial Services, Inc. did not provide any financial services of any type.

(2)     In the event Lomaz has standing, the Court should grant summary judgment in favor of HNB because the Amended Complaint is barred under the doctrine of *res judicata*.  The claims in the Amended Complaint have already been adjudicated adversely to Plaintiff's company, Pacific Financial Services, Inc., aka Pacific Financial Services of America ("Pacific").  On January 24, 2002, Pacific filed a Complaint in Ashtabula County Common Pleas Court alleging claims based on the exact same facts as in this case.  The Ashtabula claim was dismissed on the merits for failure to state a claim on which relief could be granted.  *Res judicata* bars re-litigating the same claims.

(3)     Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted because HNB was required by law to respond to the subpoena.  The Amended Complaint is also barred by the applicable statutes of limitations.  Therefore, the Amended Complaint should be dismissed pursuant to Rule 12(B)(6) and/or 12(C).

These grounds are set forth more fully in the Memorandum in Support attached hereto.

Respectfully submitted,

/s/ David C. Tryon
David C. Tryon (0028954)
Rebecca Kucera Fischer (0071052)
Porter Wright Morris & Arthur LLP
925 Euclid Avenue, Suite 1700
Cleveland, Ohio 44114-1483
(216) 443-9000/Fax (216) 443-9011
dtryon@porterwright.com

Attorneys for Defendant Huntington National Bank

- 2 -

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LAURENCE DE LEON LOMAZ, | ) | CASE NO. 5:03CV2609 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE GAUGHAN |
| v. | ) | |
| | ) | **THE HUNTINGTON NATIONAL** |
| OHIO DEPARTMENT OF COMMERCE, | ) | **BANK'S MEMORANDUM IN** |
| DIVISION OF STATE FIRE MARSHAL, *et* | ) | **SUPPORT OF ITS MOTION FOR** |
| *al.,* | ) | **JUDGMENT UNDER RULE 12(B)(6)** |
| | ) | **AND/OR 12(C) OR, IN THE** |
| Defendants. | ) | **ALTERNATIVE, FOR SUMMARY** |
| | ) | **JUDGMENT** |

In January 1999, Defendant Huntington National Bank ("HNB") honored a validly issued subpoena.  Subsequently, Plaintiff Laurence De Leon Lomaz ("Plaintiff") (either personally or through one of his companies) sued HNB in three cases for honoring the subpoena.  This is his most recent suit on this issue.  Here he filed a six-count Amended Complaint against Defendant HNB alleging: conspiracy; disclosure of private and confidential information; conversion; tortuous interference; fraud; and breach of fiduciary duty.  Each of these claims alleges damages arising from HNB's compliance with the properly issued subpoena.  HNB is entitled to judgment pursuant to Rule 12(b)(6) and/or 12(C) of the Federal Rules of Civil Procedure or, in the alternative, summary judgment because (1) Plaintiff has no standing, (2) Plaintiff is barred by *res judicata* or collateral estoppel, (3) the Amended Complaint fails to state a claim, and (4) there are no disputed material facts which would create a cause of action.  Thus, HNB respectfully requests that the Court enter judgment in its favor.

I.      **BACKGROUND**

A.      **Facts**

Plaintiff is the incorporator and sole shareholder of both Midwest Fireworks

Manufacturing Company, Inc. II ("Midwest") and Pacific Financial Services of America, Inc.

("Pacific").[2]  See Amended Complaint at ¶1.  These entities sold fireworks to the general public.

*Id.*  The Huntington National Bank is a bank organized under the laws of the United States and

has its main office in Columbus, Ohio.  Amended Complaint at ¶2.

On January 30, 1998, HNB made a loan to Pacific.  The principal amount of this loan was

$550,000.  See Exhibit 2A.  Lomaz guaranteed it.  See Exhibit 2B.  (These documents are

authenticated by the Affidavit attached as Exhibit 2.)  Pacific defaulted on this loan.  On March

27, 2000, HNB obtained a judgment lien against Pacific and Lomaz in the amount of

$536,904.37 plus interest at 10% per annum against Pacific.  Cuyahoga County Case No. JL-00-

126081.  See Judgment Lien, Exhibit 3A.

On January 11, 1999, HNB was served with a subpoena in connection with the case of

*Midwest Fireworks v. Albert Gibel, et al*.  Cuyahoga County Case No. 98-CV-367569 (the

"Gibel Subpoena").  The Gibel Subpoena was issued by the Cuyahoga County Court of Common

Pleas, signed by an attorney and requested account information of loans made to Midwest

Fireworks or Pacific Financial Services pursuant to Ohio Civ. R. 45(A)(1)(b)(iii) (Ohio Civ. R.

45 is attached as Exhibit 4).  An attorney who has filed an appearance on behalf of a party in an

action may sign and issue a subpoena on behalf of the court in which the action is pending.  Ohio

Civ. R. 45(A)(2).  The attorney who signed and issued the Gibel Subpoena is George Gibel,

attorney no. 0066965 (who is apparently related to Albert Gibel, the plaintiff in that case).  See

Exhibit 5 and Exhibit B to Amended Complaint.  Ohio Civ. R. 45(D) requires the subpoenaed

---

[2]  These companies are joint holders of fireworks licenses to sell fireworks to the general public.  Exhibit 1.

party to produce the subpoenaed documents.  Ohio Civ. R. 45(E) provides that failure "to obey a subpoena served upon that person may be deemed a *contempt of the court* from which the subpoena issued."  (Emphasis added.)  Accordingly, HNB responded to this subpoena and produced the requested documents.  Amazingly, each count in Plaintiff's Amended Complaint arises from HNB's lawful response to this properly issued subpoena for information about Pacific.[3]

### B.      Procedural History

On May 27, 2003, Plaintiff filed a *pro se* Complaint for Performance and Money Damages against the Ohio Department of Commerce, Timothy Kollin, and the Huntington National Bank in the Portage County Court of Common Pleas.  This Complaint contained no factual allegations against HNB, but instead contain generalized, unintelligible conclusory allegations.  Plaintiff sought damages in the amount of ten million dollars from HNB.

On June 5, 2003, Plaintiff filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* in the United States Bankruptcy Court for the District of Hawaii.  On or about June 16, 2003, HNB filed a Suggestion of Automatic Stay pursuant to 11 U.S.C. § 362 in the Portage County Court of Common Pleas.  On July 24, 2003, the Bankruptcy Court for the Northern District of Ohio ruled that the bankruptcy proceeding was dismissed and the proceedings continued.

On December 11, 2003, Lomaz filed an Amended Complaint including several new causes of action, including civil conspiracy, disclosure of confidential records, conversion,

---

[3] The Amended Complaint contains no reference to HNB's attempt to collect judgment.  Instead, it focuses exclusively on HNB's compliance with a subpoena.  Nevertheless, HNB's attempts to collect on this judgment that seem to be the basis of Plaintiff's anger against HNB.  Plaintiff claims that HNB's "waging war" against Plaintiff. (Compl. ¶¶ 2,3.)  Attempting to collect a judgment is hardly "waging war."  In any event, an allegation of "waging war" does not constitute a cause of action.

tortious interference with business, fraud, and breach of fiduciary duty in the Portage County Court of Common Pleas.

On December 23, 2003, HNB filed a Notice of Removal with the United States District Court for the Northern District of Ohio, Eastern Division.  Plaintiff objected to removal and filed a Motion to Remand and Objection to Notice of Removal.  Plaintiff's Motion for Remand and Objection to the Notice of Removal was denied.  HNB timely filed its Answer and Counterclaim to the Amended Complaint.  The Counterclaim was a claim to have Mr. Lomaz declared a vexatious litigator.

On March 18, 2004, an involuntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* was filed against Lomaz.  This had the effect of staying further proceedings until August 3, 2003 when the stay was vacated.

A related case is critical to this matter.  On January 24, 2002, Pacific Financial Services, Inc. filed an action in Ashtabula Common Pleas Court, suing HNB for damages resulting from the issuance and honoring of the Gibel Subpoena (the "Ashtabula Case").  See Ashtabula Common Pleas Court Case No. 2002-CV-86, Exhibit 3B.  (This and other court documents are authenticated by the Affidavit attached as Exhibit 3.)  On March 27, 2002, HNB filed a Motion to Dismiss Pacific's Complaint based on, among other things, the fact that the Complaint failed to state a claim on which relief could be granted, because HNB was required by law to tender documents pursuant to a validly issued subpoena.  See Affidavit, ¶5, Exhibit 3.  On May 13, 2002, the Ashtabula Court granted HNB's Motion to Dismiss, stating "[t]he Court finds that Plaintiff's Complaint fails to state a ground upon which relief can be granted . . . ."  See Judgment Entry, Exhibit 3C.

- 6 -

Another related case is also relevant. On October 22, 2001, HNB filed a foreclosure action against Pacific in Portage County ("the Portage Case"). Portage County Court of Common Pleas Case No. 2001-CV-1007. See Complaint (w/o exhibits), <u>Exhibit 3D</u>. On January 24, 2002, Pacific filed a counterclaim against HNB based on the exact same facts as in the Ashtabula case and in this case. See Counterclaim, <u>Exhibit 3E</u>. On June 19, 2002, HNB filed a motion for summary judgment on the counterclaim. <u>Exhibit 3F</u>. That motion remains pending.[4]

## II.    LAW AND ARGUMENT

Plaintiff is representing himself in this matter. However, that is no excuse for his filing a frivolous claim which has already been litigated in Ashtabula County Common Pleas Court. Indeed, Federal courts have held that "In general, litigants proceeding *pro se* are held to the same procedural standards as those with counsel." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *U.S. v. Distefano*, 279 F.3d 1241, 1245 (10th Cir. 2002) (Court granted plaintiff U.S.A. summary judgment against *pro se* defendant).

As an initial matter, it is unclear as to whether Plaintiff is making claims under federal law or Ohio law. He makes reference to federal statutes, but seems to allege causes of action under Ohio law. Regardless, each of Plaintiff's claims fails to state a cause of action under either federal law or Ohio law. The federal statutes cited by Plaintiff do not provide a private cause of action. And, each of these claims fails to allege the necessary elements of the specified cause of

---

[4] The precise procedural status of that motion is as follows. On September 3, 2002, Judge Kainrad ruled granted HNB's summary judgment motion but denied another motion while the assigned judge, Judge Enlow was out of town. Later, when Judge Enlow returned, he vacated both orders because the wrong judge had signed them. During this time, Pacific had filed bankruptcy, and the case was removed to federal court as Adversary Proceeding No. 04-1429 in Bankruptcy Case No. 03-11098. A motion to remand to state court was filed. Subsequently, the Pacific bankruptcy was dismissed. However, the court still has not remanded the case and the state court does not have the file. Thus, that case is stagnant, awaiting judicial action.

action.  Indeed, each of the claims arises out of HNB's proper and lawful compliance with a properly issued subpoena and the claims should be dismissed.

### A.      Standard for Judgment on the Pleadings

In deciding a Rule 12(c) motion, courts apply the same standard as that applicable to a motion under Rule 12(b)(6).  *Denman v. Slater*, 1998 U.S. Dist. LEXIS 23514 (D. Ohio, 1998), Exhibit 6.  Under that test, a court must grant a Rule 12(b)(6) motion if it appears from the allegations in the complaint that the plaintiff is not entitled to recover.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Sashti, Inc. v. Glunt Indus*., 140 F. Supp. 2d 813, 815  (D. Ohio, 2001).

In ruling on Civ. R. 12(b)(6) dismissals,

> more than bare assertions of legal conclusions are ordinarily required to satisfy federal notice pleadings requirements.  5 C. Wright & A. Miller, Federal Practice & Procedure § 1357 at 596 (1969).  "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  [citations omitted]

*In Re U.S. Shoe Corp. Litigation*, 718 F. Supp. 643, 647 (U.S. S.D. Ohio, 1989).  Thus, the Court cannot consider the Plaintiff's wild conclusions and vague and incoherent allegations.  Again, Plaintiff is held to the same procedural standards as those imposed on counsel.  See *Green, supra.*

### B.      Plaintiff Lomaz Lacks Standing

This case should be dismissed because Plaintiff has no standing.  Pursuant to Rule 17(a) of the Federal Rules of Civil Procedure, "every action shall be prosecuted in the name of the real party in interest."  Plaintiff is not the real party in interest.  According to the Gibel Subpoena attached to (and a part of ) the Amended Complaint, the records sought and produced were those

of Pacific.  See Exhibit A to Amended Complaint.  Accordingly, even if there were a legally

cognizable cause of action, Pacific, not Lomaz, would be the real party in interest.

> The general rule is, of course, well established that an action to redress injuries to
> a corporation, whether arising out of contract or tort, cannot be maintained by a
> shareholder in his own name but must be brought in the name of the corporation,
> since the cause of action being in the corporation, the stockholder's rights are
> merely derivative and can be asserted only through the corporation.  The general
> rule is applicable in cases where the individual is the sole stockholder.

*Schaffer v. Universal Rundle Corp.,* 397 F.2d 893, 896 (5th Cir. 1968).  Interestingly, in another

case involving a fireworks seller the court held that the individual shareholders of the fireworks

company did not have standing to pursue a civil rights claim for fireworks which were allegedly

unlawfully seized and not returned to the company.  The court found that the company, not the

shareholder, had standing and dismissed the shareholders case.  *See Fitzgerald v. MSP TPR.*

*Victor Rogers,* 1995 U.S. Dist. LEXIS 18053 (U.S. Dist. Ct. WD Mich., 1995), Exhibit 7.

Larry Lomaz is a shareholder of Pacific.  See Amended Complaint at ¶1.  He claims

standing because of this relationship.  Therefore, Pacific Financial Services, Inc., not Lomaz, is

the real party in interest and the case must be dismissed.

### C.        Lomaz' Claims are Barred by Res Judicata

Even assuming, *arguendo,* that Lomaz has standing, his claims would be barred by *res*

*judicata*.  If in fact he can assert the interests of Pacific, then those claims have already been

adjudicated in the Ashtabula Case.  Therefore, they are barred and the Court must grant HNB

summary judgment.[5]

---

[5] The Court is no doubt well familiar with the standards for summary judgments.  Nonetheless, those standards are
as follows:  Summary judgment is appropriate when there is no genuine issues of material fact, and the moving party
is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247
(1986).  A movant may discharge its burden of showing that there is no genuine issue of material fact by pointing to
the absence of evidence supporting an essential element of Plaintiffs' claim.  *Celotex Corp. v. Catrett*, 477 U.S. 317,
323-25 (1986).  Once the movant satisfies this burden, the nonmoving party must set forth facts showing that there is
a genuine issue on an essential element of the nonmoving party's case.  *Id.*  Disputes over irrelevant or

Initially, it must be determined whether federal or state *res judicata* law applies here.

This has been resolved as follows:

> "In determining what preclusive effect to give a prior state court judgment, federal courts must give the same effect to that judgment as would be given it under the law of the state that rendered the judgment.  [citations omitted.] . . . In deciding whether *res judicata* . . . lends preclusive effect to a particular state court decision, federal courts look to the states' law to access the preclusive affect it would attach to that decision.  [citations omitted]"

*Longstreth v. Franklin County Childrens Services*, 1993 U.S. App. LEXIS 34099 at *9

(6th Cir., 1993), <u>Exhibit 8</u>.

Ohio law explains the concept as follows.  "It is fundamental that the principle of *res judicata* is quite universally known and accepted law."  *Johnson's Island, Inc. v. Danbury Twp. Bd. of Trustees*, 431 N.E.2d 672, 674, 69 Ohio St.2d 241, 243 (Ohio, 1982).  The doctrine of *res judicata* dictates that:

> a final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction is conclusive of rights, questions, and facts in issue as to the parties and their privies, and is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them.

*Id. citing Norwood v. McDonald*, 142 Ohio St. 299 (Ohio, 1943), paragraph one of the syllabus.

The Ohio Supreme Court has not limited the application of the doctrine of *res judicata* to bar only those *subsequent* actions involving the same legal theory of recovery as a previous action but will also apply *res judicata* to bar "all claims which were *or might have been* litigated in a first lawsuit."  *Grava v. Parkman Twp.*, 653 N.E.2d 226, 229, 73 Ohio St.3d 379, 382 (Ohio, 1995).

---

inconsequential facts do not preclude summary judgment; only genuine disputes over **material** facts preclude summary judgment.  *Anderson,*  477 U.S. at 247-48.

Rule 41(B)(3) of the Ohio Rules of Civil Procedure provides[6]:

> *Adjudication on the merits; exception.*  A dismissal under division
> (B) of this rule and any dismissal not provided for in this rule,
> except as provided in division (B)(4) of this rule, operates as an
> adjudication upon the merits unless the court, in its order for
> dismissal, otherwise specifies.

Thus, under Ohio law, a dismissal for "failure to state a claim upon which relief can be granted, without exception, is on the merits unless the contrary appears on the record or is stated in the order of dismissal."  *Musa v. Gillett Communications*, 696 N.E.2d 227, 233, 119 Ohio App. 3d 673, 683 (Ohio Ct. App., 1997) (determining that *res judicata* barred a state claim dismissed under Fed. R. Civ. Pro. 12(b)(6)); *see also, Cairns v. Ohio Sav. Bank*, N.E.2d 1058, 1062, 109 Ohio App. 3d 644, 650, 672 (Ohio Ct. App., 1996); *Walton v. Shanelec*, 19 F.Supp. 2d 1209, 1211 (D. Kan., 1998) ("dismissal for failure to state a claim upon which relief can be granted is a decision on the merits with full *res judicata* effect").  Such a dismissal, unless proven otherwise, is *with prejudice* and is thus "actual litigation."  *Cairns*, 672 N.E.2d at 1062. As such, a judgment granting a motion to dismiss is a final judgment on the merits.

The doctrine of *res judicata* bars Plaintiff from asserting his Amended Complaint against HNB in the present action.  The claims Plaintiff asserts in his Amended Complaint are based on the exact same facts as the claims he raised in the Complaint he filed in the Ashtabula Case and the Counterclaim in the Portage cases.  See Exhibits 3B and 3E, respectively.  The Ashtabula Complaint was filed by Pacific against HNB.  This case was filed by Lomaz, as the owner of Pacific.  The Ashtabula Court issued a final judgment as it completely dismissed these claims against HNB.  This final judgment was on the merits as the judgment entry expressly demonstrates that the court considered HNB's Rule 12(B)(6) argument and granted relief to HNB based on this argument, stating "[t]he Court finds that Plaintiff's Complaint fails to state a

---

[6]  Fed. R. Civ. P. 41(B)(3) is identical.

ground upon which relief can be granted . . ..." See Judgment Entry, <u>Exhibit 3C</u>. This was a final judgment on the merits as the court did not indicate that the judgment was without prejudice.

Thus, because the Ashtabula court rendered a final judgment on the merits when it dismissed Pacific's Complaint pursuant to Rule 12(B)(6), Plaintiff cannot maintain this action against HNB.  Since Plaintiff's Complaint is completely barred by the doctrine of *res judicata*, this Court should grant summary judgment in favor of HNB, dismissing Plaintiff's Amended Complaint against HNB in its entirety.

**D.      The Amended Complaint Fails To State A Legally Cognizable Claim**

Finally, the Court should dismiss Plaintiff's Complaint for a third reason.  None of the claims state a legally cognizable cause of action.  HNB responded to a facially valid subpoena. That does not give rise to a cause of action by the party whose records are subpoenaed.  That party's remedy is to file a motion to quash or to pursue the issuing party for issuing an improper subpoena.  Plaintiff did neither.

Rule 45 of the Ohio Rules of Civil Procedure sets forth the rule for responding to subpoenas in state court.  Rule 45(D) requires the person receiving the subpoena to respond to it. A subpoena is an order of the court.  *See In re Meiroff*, 99 Ohio Misc.2d 17 Ohio Ct. App., 1999; *see also* Ohio Rev. Code Ann. § 2905.02.  Indeed, Rule 45(E) provides sanctions for failure to comply with a subpoena as follows:  "Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued."  *See also,* Ohio Rev. Code Ann. § 2705.02(C).

In the present action, Lomaz seeks to hold HNB liable for responding, as required by law, to a valid subpoena for documents.  The Amended Complaint does not even allege that the subpoena did not comply with Civil Rule 45.  Indeed, if it did not, then the interested party –

Pacific – had the right and obligation to file a motion to quash.  Apparently, Pacific did not do so.  Further, if the subpoena was somehow fraudulent or improper, then Lomaz's claim lies against the party issuing it, not the party honoring it.

Plaintiff also alleges that HNB owed Plaintiff a duty of care or loyalty but fails to identify any such duty or how it was breached.  HNB has been unable to find any such duty of loyalty either in statute or common law.  Even assuming such duty exists, there is no provision in Rule 45 of the Ohio Rules of Civil Procedure or any case law which allows a bank to refuse to honor subpoenas based on such alleged duty of care or loyalty.

The only exceptions to responding to a subpoena are if the subpoena is quashed or if there is a recognized privilege protecting the subpoenaed information.  Plaintiff does not allege that it quashed the subpoena.  Accordingly, that exception is not available.

Second, there are few privileges preventing responses to subpoenas.  In particular, there is no such thing as a "customer-bank privilege."  The rule that a person must comply with a subpoena in the absence of a *legally recognized* privilege and the policy behind it has been explained as follows:

> The general rule is that communications made in confidence are *not protected purely because of their confidentiality, but may be kept secret only if premised upon a public policy expressed by statute or in furtherance of an overriding public concern of constitutional dimension*. Testimonial privileges contravene the fundamental principles that a public has a right to every person's evidence; as such, they must be strictly construed and accepted only to the very limited extent that permitting a refusal to testify or excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth. Except for the common-law privileges, extended with respect to confidential communications within particular relationships, and those privileges which have been expressly declared by statute, the public interest in the disclosure of all facts relevant to a litigated issue *is deemed to be paramount to any consideration of the inviolability of a communication made in*

- 13 -

> *reliance on personal confidence or on a fiduciary or contract
> relation*. Ohio law on privileged relationships and communications
> is in accord with this principle, it having been declared that *no
> person has a privilege to refuse to testify or produce a document
> upon request in a judicial proceeding unless the constitution, a
> statute or case law provides otherwise, and that such rule applies
> to all stages of a judicial proceeding, including discovery*.

44 O. Jur. *Evidence and Witnesses* § 735 (2003)(emphasis added).

As the Ohio Supreme Court has explained, where there is no privilege, one may not

refuse to give information in a judicial proceeding:

> merely because such testimony comprehends a communication or
> report from himself as agent to his principal or as independent
> contractor to his employer, no matter how confidential may be the
> character of the communication itself or the relationship between
> the parties thereto.

*In re Frye*, 155 Ohio St. 345, 354 (Ohio 1951).

Ohio law provides for very few privileged communications.  They have been codified at

Ohio Revised Code § 2317.02.  These privileges include the following parties receiving

communications: (1) attorneys, (2) doctors, (3) clergy, (4) school guidance counselors,

(5) certain mediators, and (6) chiropractors.  (Even for these, the privilege is limited to certain

information).  There is no reference to bankers or banks in the statute.

Moreover, Ohio does not even recognize a privilege between an accountant and client, a

relationship which arguably involves more confidentiality than a banker-customer relationship.

*Wagenheim v. Alexander Grant & Co.* (1983), 19 Ohio App.3d 7, syllabus 3 ("Ohio recognizes

no statutory or common-law privilege prohibiting an accountant from revealing in a court of

justice information acquired during an accountant-client relationship.").

Without a privilege recognized at law, Plaintiff had no legitimate expectation of privacy

from, or protection against, a subpoena issued to HNB.

- 14 -

Since there is no privilege preventing disclosure of a bank customer's information provided to the bank, Plaintiff's claim for improperly responding to a subpoena fails to state a claim on which relief can be granted and must be dismissed according to Rule 12(b)(6).

These individual causes of action are reviewed in greater detail below.

### 1.   Plaintiff's Amended Complaint Fails to State a Cause of Action for Conspiracy

Plaintiff's first count is for "Conspiracy."  The tort of civil conspiracy is 1) a malicious combination of two or more persons to injure another in person or property, 2) in a way not competent for one alone, 3) resulting in actual damages.  *Williams v. Aetna Fin. Co*., 83 Ohio St. 3d 464, 475 (Ohio, 1998).  The *Williams* court further stated that "an unlawful act is required before a civil conspiracy claim can succeed."  *Id*. at 475.

Plaintiff has failed to allege the essential elements required to succeed on this claim. Plaintiff fails to allege a "combination" by different entities to comply with the lawfully issued subpoena.  HNB complied with it on its own.  Further, Plaintiff does not identify any damages stemming therefrom.

Finally, Plaintiff's Amended Complaint does not allege any act which was actually unlawful or improper, but instead makes clear that any "disclosure" was in compliance with a subpoena, properly issued by the Cuyahoga County Court of Common Pleas.  (See Subpoena, Exhibit A to Amended Complaint.)  Further, the subpoena demonstrates that HNB has a "lawful excuse" for any disclosures allegedly made.

Plaintiff alludes to violations of 18 U.S.C. § 1341[7]  and 15 U.S.C. § 6801.  But these statutes do not provide a private cause of action.  Unless Congress showed a specific intention to

---

[7]  18 U.S.C. § 1341 addresses mail fraud.  It provides that "whoever, having devised or intending to devise any scheme…for obtaining money or property by means of false or fraudulent pretenses, representations, or promises… places in any post office…or knowingly causes to be delivered by mail …any such matter or thing, shall be fined

create a private remedy, a statute can only be enforced by the government.  See *Stupy v. U.S. Postal Service,* 951 F.2d 1079, 1081 (9th Cir. 1991).

18 U.S.C. §1341 criminalizes mail fraud.  It specifically provides for criminal sanctions and no private remedies.  There is no suggestion of any private cause of action in the statute.  In *Ryan v. Ohio Edison Co.,* 611 F.2d 1170 (6th Cir. 1979), the Sixth Circuit affirmed the 12(b)(6) dismissal of a private claim for violation of 18 U.S.C. §1341 because that law does not create a private cause of action.

The other law, 15 U.S.C. §6801, requires financial institutions to keep certain *personal* information confidential in certain circumstances.  However, it does not apply here for several reasons.  First, it was enacted in 1999 and did not take effect until 2000, long after the 1998 loan in this case was consummated.  Accordingly, it should not even apply to the subject loan transaction.  Second, it does not authorize private causes of action.  Rather, it specifically provides for enforcement by the Federal Trade Commission and other governmental entities.  *See* 15 U.S.C. §6805.  Third, 15 U.S.C § 6801, *et. seq.* applies only to consumer loans and not commercial loans.  15 U.S.C. §6802 states that under some circumstances a financial institution may not disclose "non-public personal information to a non-affiliated third party [exceptions omitted]."  The term "non-public personal information" is defined in 15 U.S.C. §6809(4) as certain information "provided by a *consumer* to a financial institution (emphasis added)."  The term *consumer* is defined in § 6809(9) as "an *individual* who obtains, from a financial institution, financial products or services which are to be used primarily for *personal, family or household purposes*, and also means the legal representative of such individual (emphasis added)."  The

_____

under this title or imprisoned not more than 20 years, or both. If the violation affects a financial institution, such person shall be fined not more than $ 1,000,000 or imprisoned not more than 30 years, or both."

loan giving rise to this action was not a consumer loan covered by this statute.  It was a loan to

Pacific Financial Services, Inc. (See Exhibit 2A),  a corporation.  See Amended Complaint ¶ 1.

Finally, and perhaps most importantly, 15 U.S.C. § 6802 (e)(8) provides a broad

exception to allow for financial institutions "to comply with Federal, State, or local laws, rules,

and other applicable legal requirements; to comply with a properly authorized civil, criminal, or

regulatory investigation or subpoena or summons by Federal, State, or local authorities; *or to*

*respond to judicial process* or government regulatory authorities having jurisdiction over the

financial institution for examination, compliance, or other purposes as authorized by law."

Discovery in a civil case, whether by subpoena or discovery request, is judicial process

(emphasis added).  See *Marks v. Global Mortg. Group, Inc.* (2003, SD W.Va.) (holding that this

exception encompasses civil discovery).  A subpoena is a court order and constitutes "judicial

process."  Thus, HNB has committed no "unlawful act" required to plead a cause of action for

conspiracy.

Plaintiff cites non-applicable federal statutes and fails to allege the necessary elements to

support a cause of action for conspiracy.  Plaintiff repeatedly states "In furtherance of this

conspiracy…," yet fails to allege the elements of conspiracy.  See Amended Complaint  ¶¶ 17,

18, 19.  Thus, Lomaz fails to properly allege a cause of action for conspiracy.

### 2.      Plaintiff Does Not Allege a Cause of Action for Disclosure of Private and Confidential Information

Count II alleges that "In a violation of Ohio and federal law Huntington improperly

disclosed private and confidential information."  Plaintiff also alludes to a violation of 18 U.S.C.

§ 1341.  But this is a federal mail fraud statute, having nothing to do with an action for private

disclosure of confidential information.  Further, there is no private cause of action provided

under this statute. *See Ryan v. Ohio Edison Co.*, 611 F.2d 1170, 1178 (6th Cir.,1979) (holding

that there is no private cause of action under the mail fraud statute); *Delta Education, Inc. v. Langlois*, 719 F.Supp. 42, 50 (D.N.H., 1989) ("Congress did not intend to create a private cause of action for plaintiffs under the Mail Fraud Statute.").  Plaintiff's earlier allegations of violations of 18 USC §1341 are disposed of above.  Plaintiff cites no Ohio law which HNB allegedly violated and does not provide any factual allegations which would in any way state any cause of action under Ohio law.  To plead a cause of action, one must meet the elements of a particular claim, not just state a conclusion of law.  *Sears Roebuck v. Swaykus*, 2002 Ohio 7183, P10 (Ohio Ct. App., 2002); *Birch v. Al Cstrucci, Inc.*, 1995 Ohio App. LEXIS 3227 (Ohio Ct. App., 1995) ("to survive a 12(B)(6) motion the complaint must allege all of the necessary elements of the claim presented in the complaint."), Exhibit 9; *In Re U.S. Shoe Corp. Litigation,* 718 F.Supp. at 647 ("Bare assertions of conclusions of law" do not satisfy Federal pleading requirements").  In any event, HNB is permitted and required to honor subpoenas.

### 3.  Plaintiff Fails to Allege a Cause of Action for Conversion

Plaintiff's claim for conversion (Count III) also fails.  Ohio law defines conversion as an appropriation of property to the party's own use and beneficial enjoyment, or exercising dominion over it, in exclusion or defiance of the owner's right.  *State v. Baxter*, 89 Ohio St. 269, 272 (Ohio, 1914).

The Amended Complaint does not plead how HNB benefited or that its actions were wrongful in any way.  Indeed, the only allegations are with respect to the properly subpoenaed documents and that is resolved above.

### 4.  Tortious Interference

Count IV alleges "Tortious Interference."  The Ohio Supreme Court has written that tortious interference with business occurs when a person, without a privilege to do so, induces or

otherwise purposely causes a third person not to enter into or continue a business relation with another, or not to perform a contract with another. *A & B-Abell Elevator Co. v. Columbus/Cent. Ohio Bldg & Constr. Trades Council*, 73 Ohio St. 3d 1, 14 (Ohio, 1995). To establish a claim for tortious interference with a business relationship, a plaintiff must plead, and demonstrate,: "(1) a contractual or business relationship; (2) knowledge of the relationship by the tortfeasor; (3) an intentional and improper act by the tortfeasor preventing formation of a contract, procuring breach of a contract, or terminating a business relationship; (4) lack of privilege on the part of the tortfeasor; and (5) resulting damages." *Tripp v. Beverly Enters.-Ohio, Inc.*, Summit App. No. 21506, 2003-Ohio-6821, at ¶48, attached as Exhibit 10.

Moreover, "[t]he interference . . . must be intentional because Ohio law does not recognize negligent interference with a business relationship." *Wauseon Plaza, Ltd. P'ship v. Wauseon Hardware Co.*, 156 Ohio App.3d 575, 2004-Ohio-1661, 807 N.E.2d 953, ¶59. In fact, the tortfeasor must act *maliciously* before courts will permit recovery. *Tripp* at ¶48, citing *Haller v. Borror Corp.* (1990), 50 Ohio St.3d 10, 16, 552 N.E.2d 207. *See*, *also*, *Reichman v. Drake* (1951), 89 Ohio App. 222, paragraph four of the syllabus (malice is an element of cause of action for tortious interference). Indeed, ". . . even if an actor's interference . . . causes damages to be suffered, that interference does not constitute a tort if the interference is justified." *Tripp* at ¶48, citing *Fred Siegel Co., L.P.A. v. Arter & Hadden* (1999), 85 Ohio St.3d 171, 176, 707 N.E.2d 853.

Plaintiff's Amended Complaint fails to allege either the facts to support the specific elements or even generally plead anything similar to a cause of action for tortious interference with business. First, the Amended Complaint does not identify any contractual or business relationship with which HNB supposedly interfered. Second, the Amended Complaint also fails

- 19 -

to plead that HNB had knowledge of any existing or prospective contractual or business relationship with which HNB was interfering.  Indeed, the Amended Complaint never identifies any contract that was prevented, any breach of contract or the termination of any business relationship.  Third, the Amended Complaint fails to identify any improper act by HNB.  Fourth, the Amended Complaint fails to plead the fourth element of a tortious interference claim – lack of privilege.  HNB was entitled to, and required to, respond to the subpoena it received.  Even if the Amended Complaint met the other elements, HNB's actions were privileged.  HNB acted properly and in good faith when it responded to the subpoena.  Thus, the Court should dismiss Count IV.

### 5. <u>Fraud</u>

Plaintiff's next cause of action is for fraud.  Ohio law requires that when fraud is alleged as the basis for an action, the plaintiff must establish the following five elements: (1) a false representation; (2) knowledge by the person making the representation that it is false; (3) the intent by the person making the representation to induce the other to rely on that representation; (4) justifiable reliance by the other to his detriment; (5) an injury as a result of the reliance. *Morrison v. Skestos,* 2004 Ohio 6985, P1 (Ohio Ct. App., 2004); *Brothers v. Morrone-O'Keefe Dev. Co., LLC*, 2003 Ohio 7036, P31 (Ohio Ct. App., 2003); *Korodi v. Minot*, 40 Ohio App. 3d 1, 3 (Ohio Ct. App., 1987).

Moreover, the allegations in an action sounding in fraud must be plead with particularity. Fed. Civ. R. 9(B).  The Sixth Circuit has insisted on compliance with Fed. Civ. R. 9(B) re-emphasizing that fraud "must be pleaded with particularity; generalized and conclusory allegations that the defendants' conduct was fraudulent do not satisfy Rule 9(b). *Armstrong,* 699 F.2d at 88; *Decker v. Massey-Ferguson, Ltd.*, 681 F.2d 11, 114 (2d Cir. 1982)." *Craighead v.*

*E.E. Hutton & Co., Inc.*, 899 F.2d 485, 489 (6th Cir. 1990). *See, also, Moss v. Moyer,* 104 Ohio St.3d 1436 (Ohio 2004) (claims based on fraud must state the circumstances constituting fraud with particularity). Ohio Rules Civ. Pro. 9(B).

The Amended Complaint does not assert the required elements with particularity. Instead, it asserts the vague legal conclusion that HNB "defrauded Lomaz" and "committed fraud by providing to Gibel the confidential and private records." See Amended Complaint ¶ 34. The Amended Complaint does not allege any knowledge of a false representation, intent to cause reliance, justifiable reliance, or injury, and so this count must be dismissed. See Amended Complaint ¶¶ 33-36.

Beyond the pleading requirement, this is simply another repackaged claim against HNB for doing what it was required to do under the law. It received a subpoena and was required to honor the subpoena. It cannot be pursued for fraud for doing what the law requires it to do. This is briefed above. Accordingly, this claim should be dismissed for failure to state a claim upon which relief may be granted.

### 6.     Breach of Fiduciary Duty

Plaintiff's final cause of action alleges breach of fiduciary duty. First, the Supreme Court of Ohio has previously recognized that the relationship of debtor and creditor, without more, is not a fiduciary relationship. *Blon v. Bank One, Akron N.A.*, 35 Ohio St. 3d 98, 101(Ohio, 1998). Ohio law does not recognize a cause of action for breach of fiduciary duty based on disclosure of records pursuant to a subpoena. This count is simply a rewording of Plaintiff's previous charges, which are also meritless. Accordingly, this Count must be dismissed.

7.  **Statute of Limitations**

All of Plaintiff's claims are barred by the applicable statute of limitations.  The longest statute of limitations for any of the state claims is four years.  See Ohio Rev. Code §2305.09(D).  Indeed, some of the claims may have a statue of limitations of only one or two years.  In any case, the Amended Complaint alleged that the subpoena was issued on January 11, 1999 and honored on or about January 20, 1999.  Amended Complaint ¶¶6, 7.  Thus, the longest statute of limitations expired on January 20, 2003.  Lomaz filed his initial complaint herein on May 27, 2003.  Accordingly, Lomaz's claims are bared by the statute of limitations and the Amended Complaint must be dismissed.

**E.     In The Alternative, HNB Is Entitled To Summary Judgment On Plaintiff's Claims.**

If Plaintiff survives a motion to dismiss, the Court should grant HNB summary judgment on all six counts.  The evidence presented, including the subpoena both parties agree was issued and served, and the other evidence attached hereto show that there are no facts to support the Plaintiff's six causes of action.  Accordingly, the Court should grant HNB summary judgment.

**III.    CONCLUSION**

Accordingly, based on the foregoing, Defendant HNB moves that this Court dismiss this Plaintiff Lomaz's Amended Complaint for lack of standing or failure to state a claim on which relief can be granted.  In the alternative, HNB moves this Court to grant summary judgment in its

favor on the grounds either that Plaintiff's claims are barred by the doctrine of *res judicata* or

that Defendant is entitled to summary judgment on the underlying claims.

Respectfully submitted,


/s/ David C. Tryon
David C. Tryon (0028954)
Rebecca Kucera Fischer (0071052)
PORTER WRIGHT MORRIS & ARTHUR LLP
1700 Huntington Building
925 Euclid Avenue
Cleveland, Ohio 44115
(216) 443-9000 Phone / (216) 443-9011 Fax
dtryon@porterwright.com
rfischer@porterwright.com

*Attorneys for Defendant*
*The Huntington National Bank*

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2005, a copy of the foregoing The Huntington National Bank's Motion for Judgment Under Rule 12(B)(6) and/or 12(C) or, in the Alternative, for Summary Judgment was filed electronically.  Parties may access this filing through the Court's electronic filing system.  In addition the following parties were served on this date by ordinary U.S. mail:

Laurence Lomaz
Box 3072
Lihue, Hawaii 96799


Laurence Lomaz
2249 Elm Street, Suite 502
Cleveland, Ohio 44113


Laurence Lomaz
3900 Paradise Road, Suite R
Las Vegas, Nevada 89109

/s/ David C. Tryon
*One of the Attorneys for Defendant*

- 24 -