**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Laurence DeLeon Lomaz,** | ) | **CASE NO. 5:03 CV 2609** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Ohio Department of Commerce,** | ) | |
| **Division of State Fire Marshal, et al.** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

**Introduction**

This matter is before the Court upon The Huntington National Bank's Motion for Judgment on Plaintiff's Complaint under Rule 12(B)(6) and/or 12(C) or, in the Alternative, for Summary Judgment (Doc. 34) and The Huntington National Bank's Motion for Summary Judgment to Have a Plaintiff Declared a Vexatious Litigator and for Permanent Injunction (Doc. 36).  This case arises out of defendant's compliance with a subpoena issued to it in a pending state court action.  For the following reasons, both motions are unopposed and GRANTED.

1

**Facts**

Plaintiff, Laurence De Leon Lomaz, proceeding *pro se,* filed this Complaint in the Portage County Court of Common Pleas on May 27, 2003.  Plaintiff named The Huntington National Bank (hereafter, HNB or defendant); the Ohio Department of Commerce, Division of State Fire Marshal; and Timothy Kollin as defendants.  The state court subsequently granted the motions to dismiss filed by the Ohio Department of Commerce, Division of State Fire Marshal and Timothy Kollin.  On December 11, 2003, plaintiff filed an Amended Complaint against HNB, the sole remaining defendant.  The matter was thereafter removed to this Court.

Plaintiff is the owner and sole shareholder of Midwest Fireworks Manufacturing Co., Inc. II (hereafter, Midwest) and Pacific Financial Services of America, Inc. (hereafter, Pacific).  These entities sold fireworks to the public.  HNB is a bank organized under the laws of the United States.  Lomaz was a customer of HNB and borrowed money from it through Midwest and Pacific.  (Am.Compl. ¶¶ 1-3).

HNB made a loan to Pacific on January 30, 1998 in the amount of $550,000.00. Lomaz guaranteed the loan.  (Michael Reeves aff.; Exs. 2A and 2B).  Pacific defaulted on the loan.  A Judgment Lien was filed on March 27, 2000 in HNB's favor against Pacific in the Cuyahoga County Court of Common Pleas in the amount of $536,904.11 plus interest. (Keven Kelley aff.; Ex. 3A).

On January 11, 1999, HNB was served with a subpoena in connection with a state court case entitled, *Midwest Fireworks v. Albert Gibel, et al.*, Case No. 367569.  This subpoena was issued by the Cuyahoga County Common Pleas Court and signed by attorney George Gibel on behalf of defendant, Albert Gibel.  The subpoena requested documents

2

relating to accounts held by Midwest and Pacific.  (Compl. Ex. A).  HNB responded to the subpoena and produced the requested documents.  (*Id.* Ex. B).

On January 24, 2002, Pacific filed a complaint against HNB in the Ashtabula County Court of Common Pleas entitled, *Pacific Financial Services, Inc. v. The Huntington Bank,* Case No. 2002 CV 86, alleging breach of duty with regard to HNB's release of information to Albert Gibel pursuant to the subpoena.  (Kelley aff.; Ex. 3B).  The case was dismissed on motion of HNB to which plaintiff had failed to respond. On May 13, 2002, a Judgment Entry was entered in that case in favor of HNB. (*Id.* Ex. 3C).

On October 22, 2001, HNB filed a Complaint for Foreclosure in the Portage County Court of Common Pleas entitled, *The Huntington National Bank v. Lomaz, et al.,* Case No. 2001 CV 1007.  Pacific, who was also named as a defendant, filed a counterclaim alleging that HNB's release of information to Gibel pursuant to the subpoena was unlawful.  On June 19, 2002, HNB filed a motion to dismiss/summary judgment with regard to Pacific's counterclaim. (Kelley aff.; Exs.3D, 3E and 3F).  Defendant asserts that the motion remains pending.

Plaintiff thereafter filed this Complaint.  The Amended Complaint against HNB sets forth six causes of action, all arising out of HNB's compliance with the subpoena. [1]  Count One alleges conspiracy.  Count Two alleges "disclosure of private and confidential information."  Count Three alleges conversion.  Count Four alleges tortious interference.  Count Five alleges fraud.  Count Six alleges breach of fiduciary duty.

---

[1]  The Complaint and Amended Complaint were filed in the Portage County Court of Common Pleas and were removed here by defendant.

3

HNB filed a Counterclaim. Count One seeks a declaration that plaintiff is a vexatious litigator pursuant to Ohio Revised Code § 2323.52. Count Two seeks injunctive relief.

This matter is now before the Court upon defendant's Motion for Judgment on Plaintiff's Complaint under Rule 12(B)(6) and/or 12(C) or, in the Alternative, for Summary Judgment and defendant's Motion for Summary Judgment to Have a Plaintiff Declared a Vexatious Litigator and for Permanent Injunction.

Plaintiff has not responded to either motion despite the fact that an attorney entered an appearance subsequent to the filing of defendant's two motions and requested an extension of time until April 29, 2005 to respond to the Motion for Summary Judgment. HNB opposed the request. This Court granted plaintiff's request to April 15 "only." Notwithstanding, no brief was filed opposing either motion.

**(1) defendant's Motion for Judgment on Plaintiff's Complaint under Rule 12(b)(6) and/or 12(c) or, in the Alternative, for Summary Judgment**

**Standard of Review**

When considering a motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the allegations of the complaint must be taken as true and construed liberally in favor of plaintiff. *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687 (6th Cir. 1999). The complaint is only to be dismissed if the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41 (1957), *Hammond v. Baldwin,* 866 F.2d 172 (6th Cir. 1989). However, the complaint must set forth "more than the bare assertion of legal conclusions. *In Re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993); *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434,

436 (6th Cir. 1988).

A motion for judgment on the pleadings pursuant to Rule 12(c) is reviewed under the same standard applicable to a motion to dismiss under Rule 12(b)(6). *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.,* - F.3d - (6th Cir. March 4, 2005) (citing *Ziegler v. IBP Hog Market, Inc*., 249 F.3d 509, 511-12 (6th Cir.2001) ).

Summary Judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)). A fact is "material only if its resolution will affect the outcome of the lawsuit." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party. Federal Rule of Civil Procedure 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of [his] pleadings, but [his response], by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is genuine issue for trial. If he does not respond, summary judgment, if

appropriate, shall be entered against him.

The court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party. *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (citation omitted); *see also United States v. Hodges X-Ray, Inc.,* 759 F.2d 557, 562 (6th Cir. 1985). However, the nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox*, 53 F.3d at 150.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "the mere existence of a scintilla of evidence in support of plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (quoting *Anderson*, 477 U.S. at 52 (1986)). Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citation omitted).

In the event that a party does not respond to a Motion for Summary Judgment, Federal Rule of Civil Procedure 56(e) provides that summary judgment shall be entered "if appropriate."

**Discussion**

**(a) standing**

Defendant argues that this case must be dismissed because plaintiff has no standing. For the following reasons, this Court agrees.

6

Fed.R.Civ.Proc. 17(a) states, "Every action shall be prosecuted in the name of the real party in interest." As stated earlier, HNB was served with a subpoena requesting documents relating to accounts held by Midwest and Pacific. Plaintiff is the sole shareholder of these two entities. HNB produced the requested documents.

The Sixth Circuit has recognized that actions to correct injuries to a corporation must be maintained in the name of the corporation and not in the name of a shareholder. In *Walker v. General Telephone Co.*, 25 Fed.Appx. 332, 335 (6th Cir. 2001), applying the doctrine of standing and Fed.R.Civ.Proc. 17(a), the court concluded, "The district court did not err in its determination that [the shareholder] does not have standing to bring this action. As this court has previously held, [the shareholder] is not the real party in interest because all of [his] injuries are derivative of [the corporation's] injuries, and he did not identify any duty owed directly to him." In *Walker,* the court recognized that under Michigan law, actions to redress an injury to a corporation must be brought in the name of the corporation, and not in the name of a shareholder. Similarly, under Ohio law,

> Where the defendant's wrongdoing has caused direct damage to corporate worth, the cause of action accrues to the corporation, not to the shareholders, ... even though in an economic sense real harm may well be sustained by the shareholders as a result of reduced earnings, diminution in the value of ownership, or accumulation of personal debt and liabilities from the company's financial decline. The personal loss and liability sustained by the shareholder is both duplicative and indirect to the corporation's right of action.

*Adair v. Wozniak,* 23 Ohio St.3d 174 (1986). Thus, plaintiff, as shareholder of Pacific and Midwest, does not have standing to sue defendant for release of the documents pursuant to the subpoena. Dismissal, and/or summary judgment, is warranted on this basis.

**(b)** *res judicata*

7

Defendant argues that even assuming plaintiff does have standing, his claims are barred by *res judicata* and summary judgment is appropriate. Again, this Court agrees.

"Under the doctrine of *res judicata*, a final judgment on the merits is an absolute bar to a subsequent action between the same parties or their privies based upon the same claims or causes of action." *Ewing v. O'Brien*, 115 Fed.Appx. 780, 782 (6th Cir. 2005) (citing *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir.1995). "The doctrine precludes re-litigation of claims actually litigated as well as claims that could have been litigated." *Id.* (citations omitted). *See also J.Z.G. Resources, Inc. v. Shelby Ins. Co.,* 84 F.3d 211, 214 (6th Cir.1996) (The court recognized that the doctrine of res judicata also prohibits relitigation of all claims or issues which were actually litigated or which could have been litigated in a prior action.)

Moreover, "Federal courts must give the same preclusive effect to a previous state court judgment that such judgment would receive in the courts of the rendering state." *Briggs v. Cincinnati Court Index Newspaper*,13 Fed.Appx. 218, 220 (6th Cir.2001) (addressing a previous judgment rendered by an Ohio state court) And, "Where the only difference between two lawsuits is that one is brought under federal law while the other is brought under state law, the two causes of action are sufficiently identical to support application of res judicata to bar the second suit." *Id.* (citations omitted). Finally, "under Ohio law, the entry of summary judgment in favor of one of the parties to a lawsuit constitutes an adjudication on the merits for purposes of res judicata." *Id.* (citing *A-1 Nursing Care of Cleveland, Inc. v. Florence Nightingale Nursing*, *Inc.*, 97 Ohio App.3d 623 (Ohio Ct.App.1994) ).

This Court agrees with defendant that the claims asserted herein by plaintiff are based on the same facts as those raised in Pacific's complaint filed in the Ashtabula County case and

8

the counterclaim filed by Pacific in the Portage County case. The Ashtabula County Court of Common Pleas rendered a final judgment on the merits when it dismissed Pacific's complaint against HNB, stating that it failed to state a ground upon which relief can be granted. Therefore, even assuming plaintiff can assert the interests of Pacific herein, those claims have already been finally adjudicated.

Defendant proceeds to argue that even if plaintiff had standing and the claims were not subject to the doctrine of *res judicata,* then none of the counts state a legally cognizable claim inasmuch as defendant responded to a facially valid subpoena. Although this Court need not reach this argument because dismissal is clearly warranted for the reasons set forth above, the Court finds that dismissal is appropriate on this basis as well, for the reasons stated by defendant. In compliance with Ohio R.Civ.Proc. 45, the subpoena was signed by an attorney, issued by the Cuyahoga County Court of Common Pleas and requested account information of loans made to Midwest or Pacific.[2] The subpoenaed party must produce the subpoenaed documents or be deemed in contempt of court. Ohio R.Civ.Proc. 45(D) and (E). Accordingly, HNB responded to the subpoena and produced the requested documents. Furthermore, an interested party's (Pacific or Midwest) remedy in challenging a subpoena which fails to comply with Ohio R.Civ.Proc. 45 is to file a motion to quash. Ohio R.Civ.Proc. 45(C). Apparently, no such motion was filed.

For the foregoing reasons, summary judgment in defendant's favor is warranted.

**(2) Defendant's Motion for Summary Judgment to Have a Plaintiff Declared a Vexatious Litigator and for Permanent Injunction**

---

[2] The Amended Complaint does not even allege that the subpoena did not comply with Ohio R.Civ.Proc. 45.

Defendant filed a Counterclaim consisting of two counts.  Count One seeks to have plaintiff declared a vexatious litigator as defined in Ohio Revised Code (O.R.C.) §2323.52.  Count Two seeks injunctive relief prohibiting plaintiff from instituting any legal proceedings without prior leave of court or taking any other harassing actions in connection with any litigation.

**Discussion**

A list of plaintiff's prior actions presented to this Court include[3]:

- After plaintiff pleaded guilty to misdemeanor violations of fireworks laws, he sued the prosecuting attorneys and State Fire Marshal in the United States District Court for the Northern District of Ohio alleging violations of constitutional rights.  Summary judgment was granted in defendants' favor and affirmed on appeal in 1998.  (Doc. 38 Ex. 3).

- In 2002, an attorney for plaintiff fraudulently secured a stay of a foreclosure sale of property owned by one of plaintiff's corporations.  Plaintiff's attorney was sanctioned by the Ashtabula County Court of Common Pleas for his action.    (Doc. 38 Ex. 4).

- In 2002, the State of Ohio obtained a judgment against plaintiff in the Portage County Court of Common Pleas and obtained the appointment of a receiver over two of plaintiff's companies' assets (i.e., fireworks).  The receiver sold the assets by court order and the court approved the sale. (Doc. 38 Ex. 5).  In response, plaintiff filed a Writ of Prohibition in 2003 against the judge who issued the orders; repeatedly attempted to intimidate, threaten and accuse the receiver; filed a complaint in state court in 2004 against the receiver; threatened to sue the attorney representing the State of Ohio in the receivership case; implied he would sue the State Fire Marshal; and in 2003 sued the court-approved purchaser of the fireworks and its employees. (Doc. 38 Exs. 6-9).

- After the subject fireworks became exposed to the weather and open to public access by actions of a third party (Albert Gibel, after he obtained legal title), the State Fire Marshal filed suit to allow it to secure the premises.  The state court granted the Fire Marshal injunctive relief.  (Doc. 38 Ex. 10).  Plaintiff was not a party to the case but filed *pro se* motions in the case (including

---

[3] HNB asserts that this list constitutes only "a fraction" of plaintiff's actions.

10

> Motion to Allow the Clean Up of the Bathroom) and threatened to file "hundreds of motions." Plaintiff entered the property despite court orders not to do so. On occasion, plaintiff entered the property and harassed a State Fire Marshal official and the court-approved fireworks purchaser. (Doc. 38 Exs. 11-12).

- As discussed in the facts above, attorney George Gibel issued a subpoena in 1999 to HNB in a case filed in the Cuyahoga County Common Pleas Court to which HNB responded by supplying the documents. (Doc. 38 Ex. 13). Plaintiff responded by suing HNB (on behalf of Pacific) in the Ashtabula County Common Pleas Court for honoring the subpoena; filing a counterclaim (on behalf of Pacific) against HNB in a Portage County Common Pleas Court foreclosure action filed by HNB; and filing the herein Complaint. (Doc. 38 Exs. 14-16).

- In 2003, Plaintiff threatened attorney George Gibel and Albert Gibel with legal action and then sued George Gibel in Portage County for his representation of Albert Gibel. (Doc. 38 Ex. 17).

- In 2000, HNB obtained a judgment against Pacific and Lomaz in the Cuyahoga County Common Pleas Court. In 2004, HNB took collection actions against plaintiff's personal assets. A court order allowed the County Sheriff to forcibly enter the property and take actions thereon. Attorney Rebecca Kucera Fischer represented HNB in the court proceedings. The Sheriff executed against the assets and plaintiff failed to take any proper (and required) statutory action to show that the assets were exempt. Instead, plaintiff attempted to intimidate attorney Fischer through e-mails; threatened to sue Fischer and bring disciplinary action against her; sued Fischer (summary judgment was ultimately granted in Fisher's favor); threatened to sue attorney David Tryon (who also represents HNB); threatened to sue other HNB attorneys; filed requests for return of records in four different cases (all were denied). (Doc. 38 Exs. 19-28).

- Plaintiff engaged in litigation with Albert Gibel and as a result was ordered by a court in 1999 to transfer property to the Cuyahoga County Clerk of Courts. The property was then ordered by the court to be transferred to Gibel. In 2003, plaintiff sued Gibel for legitimately taking possession of the property. Plaintiff voluntarily dismissed the action. (Doc. 38 Ex. 29).

- Plaintiff repeatedly refused to follow various court orders and has been held in contempt of court and jailed for contempt. (Doc. 38 Exs. 30-35).

- In 2004, plaintiff sent four subpoenas to attorneys for HNB which were all

11

quashed. (Doc. 38 Ex. 36).

- In 2003, the United States Bankruptcy Court for the Northern District of Ohio took the "extraordinary remedy" of appointing a Chapter 11 trustee to manage the debtors' business in bankruptcy actions filed by plaintiff's two corporations due to the debtors' actions and inactions. (Doc. 38 Ex. 37).

- In 2003, plaintiff filed a voluntary petition under Chapter 13 bankruptcy case in Hawaii but failed to prosecute it and dismissed it a month later. The court barred him from refiling due to his failure to file required documents. After the filing of the action, plaintiff sent a fax to HNB's (listed as a creditor) officer stating, "Hope you enjoy the first class tickets for Porter Wright [HNB's attorneys]. See you in Honolulu. (50 -100K). Still willing to talk and settle. You and me only. You have the number." (Doc. 38 Ex. 38).

- In 2004, plaintiff sued Second National Bank in the Portage County Common Pleas Court alleging that the bank stole three safety deposit boxes full of rare coins and a rare baseball card. The complaint demands $450,000.00 plus punitive damages. (Doc. 38 Ex. 39). [4]

- Plaintiff failed to make himself available telephonically for the October 25, 2004 in the case herein or appear for the February 16, 2005 status conference. Nor has plaintiff responded to the pending motions.

Citing Ohio Revised Code (O.R.C.) §2323.52(D) and (F), and relying on federal law, HNB seeks an order from this Court that plaintiff must make an initial showing to the court that any complaint or motion he seeks to file is legitimate. In doing so, plaintiff would be declared a vexatious litigator and would be prohibited only from filing frivolous pleadings. If plaintiff obtains leave of court, he can proceed with meritorious filings.

The Ohio vexatious litigator statute provides in part:

(B) A person... who has defended against habitual and persistent vexatious conduct in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court may commence a civil action in a court of common pleas with

---

[4] Presumably this case, and others identified above, are still pending and not yet resolved. Where HNB has provided the outcome of an action, the Court has included that in this summary.

12

> jurisdiction over the person who allegedly engaged in the habitual and persistent vexatious conduct to have that person declared a vexatious litigator. The person... may commence this civil action while the civil action or actions in which the habitual and persistent vexatious conduct occurred are still pending or within one year after the termination of the civil action or actions in which the habitual and persistent vexatious conduct occurred.

O.R.C. §2323.52(B).  HNB states that the Court may make the vexatious litigator determination under the Ohio statute based on diversity jurisdiction.  This Court agrees as it previously determined, in ruling on plaintiff's Motion to Remand, that the Court has diversity jurisdiction.

The statute further provides in relevant part:

A) As used in this section:

> (1) 'Conduct' has the same meaning as in section 2323.51 of the Revised Code.
>
> [§ 2323.51 defines "conduct" as meaning "the filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, *or the taking of any other action in connection with a civil action.*" (emphasis added)]
>
> (2) 'Vexatious conduct' means conduct of a party in a civil action that satisfies any of the following:
>
>> (a) The conduct obviously serves merely to harass or maliciously injure another party to the civil action.
>>
>> (b) The conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.
>>
>> (c) The conduct is imposed solely for delay.
>
> (3) 'Vexatious litigator' means any person who has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions, whether in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court, whether the person or another

13

>person instituted the civil action or actions, and whether the vexatious conduct was against the same party or against different parties in the civil action or actions. 'Vexatious litigator' does not include a person who is authorized to practice law in the courts of this state under the Ohio Supreme Court Rules for the Government of the Bar of Ohio unless that person is representing or has represented self pro se in the civil action or actions.
>
>\*\*\*
>
>(D)(1) If the person alleged to be a vexatious litigator is found to be a vexatious litigator, subject to division (D)(2) of this section, the court of common pleas may enter an order prohibiting the vexatious litigator from doing one or more of the following without first obtaining the leave of that court to proceed:
>
>>(a) Instituting legal proceedings in the court of claims or in a court of common pleas, municipal court, or county court;
>>
>>(b) Continuing any legal proceedings that the vexatious litigator had instituted in any of the courts specified in division (D)(1)(a) of this section prior to the entry of the order;
>>
>>(c) Making any application, other than an application for leave to proceed under division (F)(1) of this section, in any legal proceedings instituted by the vexatious litigator or another person in any of the courts specified in division (D)(1)(a) of this section.

As the Ohio Supreme Court noted in upholding the constitutionality of Ohio's

vexatious litigator statute:

>The purpose of the vexatious litigator statute is clear. It seeks to prevent abuse of the system by those persons who persistently and habitually file lawsuits without reasonable grounds and/or otherwise engage in frivolous conduct in the trial courts of this state. Such conduct clogs the court dockets, results in increased costs, and oftentimes is a waste of judicial resources--resources that are supported by the taxpayers of this state. The unreasonable burden placed upon courts by such baseless litigation prevents the speedy consideration of proper litigation.

*Mayer v. Bristow*, 91 Ohio St.3d 3, 14 (2000) (citation omitted).  Further,

>the statute is not designed, nor does it operate, to preclude vexatious litigators from proceeding forward on their legitimate claims. Instead, it establishes a screening mechanism under which the vexatious litigator can petition the declaring court, on a

14

> case-by-case basis, for a determination of whether any proposed action is abusive or groundless. Thus, [§] 2323.52(F) provides that the court of common pleas is precluded from granting leave to the vexatious litigator unless it is satisfied that the proceedings or application are not an abuse of process of the court in question and that there are reasonable grounds for the proceedings or application.

*Id.* (internal quotations omitted).

Federal law also recognizes the imposition of the "vexatious litigator" classification. *Filipas v. Lemons,* 835 F.2d 1145 (6th Cir. 1987). In *Filipas,* the Sixth Circuit agreed that the district court properly entered an order requiring leave of court before the plaintiffs, who had filed many complaints concerning the same accident, could file any further complaints. The court characterized the plaintiffs as "vexatious litigants" and stated, "This requirement is the proper method for handling the complaints of prolific litigators, and the procedure does not violate the first amendment." *Id.* at 1146 (citations omitted).

The Court is satisfied, from the evidence presented to it of the actions taken by plaintiff in connection with civil proceedings, that plaintiff warrants the label of vexatious litigator under both federal and state law. In particular, without rehashing the facts stated above, plaintiff has engaged in harassing, threatening and intimidating tactics; instituted frivolous lawsuits and filings; commenced actions taken solely to interpose delay; refused to follow court orders; and failed to prosecute civil actions. Aside from the actions listed above, the case herein, in itself, represents an example of vexatious litigation as it is the third attempt by plaintiff to litigate a validly issued subpoena.

For these reasons, plaintiff is hereby declared a vexatious litigator and is precluded from instituting any further litigation without prior leave of court in the jurisdiction where he

15

intends to file his action.[5]  The procedure that plaintiff must follow with respect to any future litigation instituted by him is set forth in a separate order.

**Conclusion**

For the foregoing reasons, The Huntington National Bank's Motion for Judgment on Plaintiff's Complaint under Rule 12(B)(6) and/or 12(C) or, in the Alternative, for Summary Judgment and The Huntington National Bank's Motion for Summary Judgment to Have a Plaintiff Declared a Vexatious Litigator and for Permanent Injunction are granted.

IT IS SO ORDERED.

       /s/ Patricia A. Gaughan
       PATRICIA A. GAUGHAN
       United States District Judge

Dated: 4/20/05

---

[5] HNB states that its judgment lien against Pacific in the amount of approximately $600,000.00 is outstanding and plaintiff has made it uncollectible.  Therefore, HNB asserts that this injunctive relief is the most appropriate so that it need not respond to further frivolous pleadings.  This Court agrees.