UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Laurence De Leon Lomaz, | ) | CASE NO. 5:03 CV 2609 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Ohio Department of Commerce | ) | Order |
| Division of State Fire Marshal, et al., | ) | |
| Defendants. | ) | |

### Introduction

This matter is before the Court upon Motion of Laurence De Leon Lomaz to Alter or Amend Judgment Declaring Plaintiff a Vexatious Litigator (Oral Argument Requested) (Doc. 45). For the following reason, the motion is DENIED.

### Facts

Plaintiff, Laurence De Leon Lomaz, proceeding *pro se,* filed this Complaint against several defendants including The Huntington National Bank (hereafter, HNB or defendant). An Amended Complaint was subsequently filed against HNB only. HNB thereafter filed a Motion for Judgment on Plaintiff's Complaint under Rule 12(B)(6) and/or 12(C) or, in the Alternative,

1

for Summary Judgment and a Motion for Summary Judgment to Have a Plaintiff Declared a Vexatious Litigator and for Permanent Injunction. Both motions were unopposed and were granted by this Court's Memorandum of Opinion and Order of April 20, 2005. Plaintiff now seeks an order altering or amending the granting of the motion regarding plaintiff's status as a vexatious litigator. Plaintiff does not challenge this Court's Memorandum of Opinion and Order entering summary judgment on the merits of this case.

### Discussion

Plaintiff moves pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend the judgment, stating that he seeks reconsideration of this Court's Order. Rule 59(e) provides that "a motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." This Circuit recognizes that "[a] Rule 59(e) motion can be granted only for one of three reasons: (1) to correct a clear error of law; (2) to account for newly discovered evidence or an intervening change in the controlling law; or (3) to otherwise prevent manifest injustice." *Muncy v. G.C.R., Inc.*, 110 Fed.Appx. 552, 557 (6th Cir. 2004) (citing *GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.1999) ).

Motions to reconsider filed pursuant to Rule 59(e) "cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during pendency of the summary judgment motion." *American Marietta Corporation v. Essroc Cement Corporation,* 59 Fed. Appx. 668 (6th Cir. 2003) (citations omitted) (The court properly relied on the unrefuted evidence of the moving party in granting summary judgment after the nonmoving party failed to oppose the motion. Therefore, the court did not err in declining to alter or amend the judgment.) *See also Cato v. Thompson,* 118 Fed. Appx. 93 (7th Cir. 2004) (Plaintiff's attorney failed to

respond to defendant's motion for summary judgment in a § 1983 action.  Summary judgment was granted and a Rule 59(e) and 60(b) motion to set aside the judgment was denied, and the court recognized that "Rule 59(e) does not provide a vehicle for a party to undo its own procedural failures."   (citing *Bordelon v. Chicago School Reform Board of Trustees,* 233 F.3d 524 (7th Cir. 2000) ).

Furthermore, "It is well established...  that a district court does not abuse its discretion in denying a Rule 59 motion when it is premised on evidence that the party had in his control prior to the original entry of judgment." *Almond v. ABB Industrial Systems, Inc.*, 56 Fed.Appx. 672, 680 (6th Cir. 2003) (citing *Emmons v. McLaughlin*, 874 F.2d 351, 358 (6th Cir.1989) ).  *See also Independent Coca-Cola Employee's Union v. Coca-Cola Bottling Co. United, Inc.,* 114 Fed. Appx. 137 (5th Cir. 2004) ("A Rule 59(e) motion cannot be used to argue a case under a new legal theory [where the nonmoving party] could have raised [the] argument in its memorandum in opposition to [the] motion for summary judgment.")

Plaintiff herein failed to respond to either summary judgment motion despite the fact that an attorney entered an appearance subsequent to the filing of defendant's two motions and requested an extension of time until April 29, 2005 to respond to the Motion for Summary Judgment to Have a Plaintiff Declared a Vexatious Litigator and for Permanent Injunction.  Although HNB opposed this request, this Court granted plaintiff's request to April 15 "only."  Notwithstanding, no brief was filed opposing the motion.  Furthermore, plaintiff fails to acknowledge in the present motion that he did not file a brief opposing either motion for summary judgment.  As such, he proffers no explanation for his lack of doing so.

In *Cacevic v. City of Hazel Park,* 226 F.3d 483 (6th Cir. 2000), plaintiffs brought a §

1983 action against the City.  The City filed a motion for summary judgment and plaintiffs filed a nonsubstantive response that requested that the court deny the motion for reasons that would be asserted in a subsequent filing.  The court permitted plaintiffs additional time to respond to the motion.  However, a timely brief in opposition was never filed.  The court granted summary judgment on the merits and plaintiffs filed a motion for relief under Rule 60(b)(1).  Plaintiffs asserted that their failure to file a response to the motion for summary judgment was as a result of mistake, inadvertence, or excusable neglect because the City had verbally agreed to permit the filing of the response after a certain deposition had been completed.  In its brief opposing the motion for relief, the City acknowledged that it had verbally agreed to the extension but that plaintiffs never formalized the requested extension with the court or defense counsel.  The Sixth Circuit affirmed the district court's denial of the motion for relief.  The court stated, in part:

> 'The failure to respond to a motion for summary judgment or to request an extension of time to file a response thereto is *inexcusable* neglect.' (citing *Kendall v. Hoover Co.,* 751 F.2d 171 (6th Cir. 1984) (emphasis added).  Furthermore, the neglect of the procedural rules and need to inform the court of any requested extensions is not made excusable simply because of an informal agreement between the parties.  The [plaintiffs] knew that the district court was a key player (if not *the* key player) in the summary judgment process, yet they kept the court completely 'in the dark' until well past the filing deadline.

*Id.* at 490-491.

Based on the above discussion, plaintiff cannot substitute the herein motion for the brief in opposition he should have filed opposing the Motion for Summary Judgment to Have a Plaintiff Declared a Vexatious Litigator and for Permanent Injunction. Moreover, plaintiff cannot now submit, for the first time, the numerous exhibits appended as evidence in support of his Rule 59(e) motion.  Therefore, plaintiff is not entitled to relief and the motion is denied on this basis.

Notwithstanding, even if the Court were to reach the merits of plaintiff's arguments, they

4

fail for the following reasons.

Plaintiff apparently argues that this Court's Memorandum of Opinion and Order must be altered or amended in order to correct a clear error of law.  For the following reasons, the Court disagrees.

Plaintiff argues that Ohio's vexatious litigator statute does not apply to attorneys and there is no basis in Ohio Revised Code § 2323.52 or in Ohio law supporting this Court's Order requiring attorneys representing plaintiff to obtain leave of court to file pleadings.  Plaintiff asserts that an Ohio case cannot be found deciding the issue of whether courts may order attorneys to seek leave to file pleadings on behalf of a client under § 2323.52.  Plaintiff further asserts that § 2323.52 specifically excepts licensed attorneys from its application except where the attorney is representing himself.  For the following reasons, plaintiff's assertions are unavailing. [1]

O.R.C. § 2323.52 does not limit its applicability solely to actions taken *pro se.*  Indeed, any party, represented by an attorney, takes actions in a proceeding *through* the attorney.  The Ohio Supreme Court currently lists 37 individuals as vexatious litigators, it appears that one is limited to "*pro se* filings only."  (Doc. 51 Ex. A).  Thus, it is apparently understood that the vexatious litigator label does not apply solely to *pro se* litigators.  Plaintiff points to O.R.C. § 2323.52(A)(3) which states in part:

> 'Vexatious litigator' does not include a person who is authorized to practice law in the courts of this state under the Ohio Supreme Court Rules for the Government of the Bar of Ohio unless that person is representing or has represented self pro se in the civil action or actions.

---

[1]  Plaintiff does not argue that federal law restricts vexatious litigators to those acting *pro se* only.

5

Notwithstanding, this Court declared plaintiff to be a vexatious litigator, not his attorneys.

Further, O.R.C. § 2323.52(D)(2) states:

> (2) If the court of common pleas finds a person who is authorized to practice law in the courts of this state under the Ohio Supreme Court Rules for the Government of the Bar of Ohio to be a vexatious litigator and enters an order described in division (D)(1) of this section in connection with that finding, the order shall apply to the person only insofar as the person would seek to institute proceedings described in division (D)(1)(a) of this section on a pro se basis, continue proceedings described in division (D)(1)(b) of this section on a pro se basis, or make an application described in division (D)(1)(c) of this section on a pro se basis. The order shall not apply to the person insofar as the person represents one or more other persons in the person's capacity as a licensed and registered attorney in a civil or criminal action or proceeding or other matter in a court of common pleas, municipal court, or county court or in the court of claims. Division (D)(2) of this section does not affect any remedy that is available to a court or an adversely affected party under section 2323.51 or another section of the Revised Code, under Civil Rule 11 or another provision of the Ohio Rules of Civil Procedure, or under the common law of this state as a result of frivolous conduct or other inappropriate conduct by an attorney who represents one or more clients in connection with a civil or criminal action or proceeding or other matter in a court of common pleas, municipal court, or county court or in the court of claims.

The Court agrees with defendant that reading divisions (A)(3) and (D)(2) together, makes clear that the statute allows courts to declare a person to be a vexatious litigator although he is an attorney, but permits the person to continue to practice law subject to the restrictions of O.R.C. § 2323.51[2] and Ohio and Federal Civil Rule 11[3]. However, O.R.C. § 2323.52(A)(3) and (D)(2) do not allow an attorney to file papers on behalf of an individual designated as a vexatious litigator who has been prohibited from certain activities without court permission.  Nor do these provisions state that a person designated as a vexatious litigator may file papers so long as he

---

[2]  O.R.C. § 2323.51 permits courts to sanction a party and his counsel for frivolous conduct.

[3]  Ohio and Federal Civil Rule 11 relate to an attorney's obligation to refrain from filing or submitting papers presented for an improper purpose or unwarranted by existing law, etc., at the expense of being sanctioned.

does so through an attorney.  Again, the Court has not declared that plaintiff's attorneys are vexatious litigators and, therefore, subdivisions (A)(3) and (D)(2) are inapplicable.

Plaintiff also argues that he is not a vexatious litigator.   Plaintiff asserts that he "has been successful in a multitude of actions in which he has been a *pro se* litigant." (Doc. 46 at 16).  Plaintiff further contends that *Conley v. Smith,* 2005 WL 697413 (Ohio App. 5th Dist. March 21, 2005) mandates that this Court decline to find that plaintiff is a vexatious litigator.  For the following reasons, the Court disagrees.

First, plaintiff's assertion that his success in some actions prevents the Court's finding that he is vexatious is unpersuasive because the fact that a litigant may be successful on some occasions does not preclude a determination of vexatiousness where evidence has been presented supporting such a finding.

Second, *Conley v. Smith* does not warrant altering this Court's Order.  In *Conley*, plaintiff, a lawyer, filed a complaint against a client, whom he had previously represented in a criminal matter, alleging vexatious litigator status.  Plaintiff filed a motion for summary judgment.  The court denied the motion and *sua sponte* dismissed the case finding insufficient evidence to demonstrate that defendant was a vexatious litigator.   Recognizing the "general prohibition against courts *sua sponte* entering summary judgment in favor of the non-moving party" and that factual issues remained in dispute, the appellate court found this to be error.  Contrary to plaintiff's assertion herein, *Conley* is not dispositive as it contains no substantial similarity to the case before this Court.

For these reasons, plaintiff's arguments seeking to alter or amend this Court's Order are unpersuasive.

7

**Conclusion**

For the foregoing reasons, the Motion of Laurence De Leon Lomaz to Alter or Amend Judgment Declaring Plaintiff a Vexatious Litigator is denied.

IT IS SO ORDERED.

                                      /s/ Patricia A. Gaughan  
                                      PATRICIA A. GAUGHAN  
                                      United States District Judge

Dated: 6/8/05